MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2017 ME 200
Docket:       Pen-17-201
Submitted
  On Briefs:  September 27, 2017
Decided:      October 5, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE MARCUS E.

PER CURIAM

[¶1]  The mother of Marcus E. appeals from a judgment of the District Court (Bangor, *Campbell, J.*) terminating her parental rights to Marcus pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii) (2016).[1] She challenges the sufficiency of the evidence to support the judgment. Because the evidence supports the court's findings and discretionary determination, we affirm the judgment.

[¶2]  On September 23, 2015, the mother agreed to the following language of a jeopardy order for the child and his sibling:[2]

_____

[1] The court entered a judgment terminating the parental rights of the child's father on June 27, 2016. The father is not a party to this appeal.

[2] The child's sibling is in the custody of her father and is no longer part of these proceedings.

At the termination hearing, the mother claimed that she had not been aware that she could disagree with the jeopardy finding and require the Department of Health and Human Services to prove jeopardy at a contested hearing. The court's finding that her claim was not credible is supported by evidence that the court asked the mother at the jeopardy hearing if she was aware of her rights and if she was agreeing to the jeopardy order of her own free will.

> The minor children are in circumstances of [j]eopardy to their
> health and welfare in the care and custody of their mother . . . due
> to threat of serious harm.  [The mother] allowed [the children] to
> live in the same home as her father . . . despite the fact that her
> father was convicted of sexually abusing her as a child. . . .  [The
> child's sibling] was sexually abused by [the mother's father] while
> in [the] mother's care.  [The mother] did not take adequate steps
> to protect her children and still resides with [her father].  [She]
> has struggled to recognize the risk posed to her children.

[¶3]  On April 24, 2017, based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother was unwilling or unable to protect the child from jeopardy and unwilling or unable to take responsibility for the child within a time reasonably calculated to meet his needs and that termination of her parental rights is in the child's best interest. *See* 22 M.R.S. § 4055(B)(2)(a), (b)(i)-(ii); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894.  The court based this determination on the following findings of fact:

> [M]other has made no progress, whatsoever, on the central issue
> in this case.  Mother has gained no insight into the risk that her
> father presents to her children.  Rather than gaining insight,
> mother is trying to convince people that her father does not pose
> a risk to children.  The . . . mother continues to demonstrate poor
> judgment and a complete lack of protective capacity with respect
> to her children.
>
> . . . .
>
> . . . The court does not believe that mother will keep her father
> away from [the child] if [the Department] is not involved.  Mother
> does not have the ability to recognize and protect [the child] from

unsafe people and unsafe situations. Nothing has changed in two years. . . .

. . . .

[The child] has been placed with [his foster parents] since February of 2016. [They] have provided a loving, safe, and stable home for [him]. [They] have been providing excellent care for [him]. . . .

. . . [The foster parents] love [the child] very much, and they want very much to adopt him. [The child] needs a safe and permanent home, which mother is unable to provide.

[¶4] Given these findings and the court's other specific findings of fact, all of which are supported by competent evidence in the record, the court did not err or abuse its discretion in determining that the mother was unfit and that termination of the mother's parental rights, with a permanency plan of adoption, is in the child's best interest. *See In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894; *In re Thomas H.*, 2005 ME 123, ¶¶ 16-18, 889 A.2d 297.

[¶5] The mother nonetheless contends that the court's judgment is not supported by competent evidence in the record because the Department did not prove that her father was in fact convicted of sexually abusing a minor. The court's determination that the mother's rights to the child should be terminated, however, was not based upon a finding that her father had been convicted of a specific crime. Rather, it was based on the mother's failure—

4

even after receiving two years of reunification services—to address a concern for the child's safety that was identified by the Department and clearly agreed to by the mother at the jeopardy hearing.[3] *See In re Scott S.*, 2001 ME 114, ¶ 15, 775 A.2d 1144 ("[T]he [termination] hearing focused, as it should, not on the original reason for the children's removal from the parents' home, but on the parents' actions since that time and their ability, contemporaneous with the termination hearing and into the future, to provide safe care for the [children]."). Although the mother testified at the termination hearing that she had lied when she reported that her father had sexually abused her and that her father was innocent, the court acted well within its authority in determining that her testimony was not credible. *See In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105 ("[I]t was within the court's province, as fact-finder, to determine the weight and credibility to be afforded to evidence.").

The entry is:

Judgment affirmed.

---

[3] Although the court was required to make its unfitness and best interest determinations by a higher standard of proof than its findings in earlier stages of the proceedings, including the jeopardy stage, the same judge presided over nearly the entirety of these child protective proceedings and was entitled to consider the evidence presented throughout. *See In re Scott S.*, 2001 ME 114, ¶¶ 12-13, 775 A.2d 1144. Additionally, the Department was not required to prove that the mother's father was *convicted* of a certain crime at each stage of the proceeding. *See id.* ¶ 15; *In re Rachel J.*, 2002 ME 148, ¶ 19, 804 A.2d 418 ("The nature of the proof required in the child protective context is different than in the criminal context; the court is assessing a risk, not determining whether the father committed a criminal act.").

Randy G. Day, Esq., Garland, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2015-29
FOR CLERK REFERENCE ONLY