MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 156
Docket:        Cum-18-261
Submitted
  On Briefs:   November 28, 2018
Decided:       December 6, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILD OF KAYSEAN M.


PER CURIAM

[¶1]  Kaysean M. appeals from a judgment of the District Court (Portland, *Eggert, J.*) terminating his parental rights to his child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(iv) (2017).[1]  The father contends that he received insufficient notice of the termination hearing through service by publication and that the court erred by admitting in evidence the testimony of a Department of Health and Human Services supervisor.  We affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found by clear and convincing evidence that the father (1) is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs; (2) is unwilling

---

[1]  The mother did not attend the termination hearing and does not join this appeal.

2

or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs; (3) failed to make a good faith effort to rehabilitate and reunify with the child; and (4) abandoned the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv). The court also found that termination of the father's parental rights is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a). The court based its determinations on the following findings of fact.

[¶3] At the jeopardy hearing on September 11, 2017, where the father failed to appear but was represented by counsel, the court found that

> letters sent to the Department by the father . . . [and] presented as evidence show that his thoughts about his child are not based in reality. In addition, he is not present today nor has he had contact with the Department for some time, since most recently getting out of jail. He has abandoned his child.

*See In re Marcus E.*, 2017 ME 200, ¶ 5 n.3, 171 A.3d 190 ("Although [at the termination hearing] the court was required to make its unfitness and best interest determinations by a higher standard of proof than its findings in earlier stages of the proceedings, including the jeopardy stage, the same judge presided over nearly the entirety of these child protective proceedings and was entitled to consider the evidence presented throughout.")

[¶4]  At the conclusion of the termination hearing held on May 7, 2018, where the father again failed to appear but was fully represented by counsel, the court found from the bench at the close of the evidence:

> [N]ot only has [the father] abandoned his child, he's abandoned the proceedings themselves . . . .  All the legal efforts have been made and [they have not] been sufficient to get him here, and he hasn't contacted the Department throughout the process . . . so he's made no efforts whatsoever to be involved in the rehabilitation, reunification process so that he could be a parent.  And everybody, probably, in the criminal justice system from a judicial standpoint has had some contact with [the father] over time . . . .

In its written order, the court found that

> [t]he last contact that the caseworker had with the father was in court, when he was still incarcerated, in May, 2017.  He sent some letters to the Department, but has had no contact with the Department since he was released from jail.  He has had issues of mental health, substance abuse, and homelessness. . . . The child is thriving [in a placement with a relative]. . . . [The father's] past criminal history as well is an indicator that he is not an appropriate parent.

[¶5]  Reviewing the factual findings supporting the court's unfitness and best interest determinations for clear error, and further reviewing the court's ultimate conclusion that termination is in the child's best interest for an abuse of discretion, we determine that the court's findings and conclusions are supported by this record.  *See In re Child of Portia L.*, 2018 ME 51, ¶ 2, 183 A.3d 747.

[¶6]  The father contends that his notice of the termination hearing, which the Department made by publication pursuant to the trial court's order, was defective because there is insufficient record evidence establishing that publication was made "once a week for 3 successive weeks" as required by M.R. Civ. P. 4(g)(2).  "Whether the commencement of an action and service of process comport with M.R. Civ. P. 4 and the Due Process Clause of the Fourteenth Amendment is a question of law that we review de novo." *Shultz v. Doeppe*, 2018 ME 49, ¶ 15, 182 A.3d 1246.

[¶7]  The father's argument fails because the trial court record contains physical copies of the required notice as published for three successive weeks in an appropriate newspaper in April 2018, as well as an affidavit executed by the newspaper's classified legal clerk attesting to that fact.  Accordingly, the father's notice of the termination hearing was legally sufficient.  *See id.*; M.R. Civ. P. 4(g).

[¶8]  Finally, the father contends that the court erred in failing to exclude from evidence, sua sponte, the testimony of a Department supervisor who had supervised the child's case since May 2017, and who supervised the child's caseworker.  "Because [the father] object[s] to that evidence for the first time on appeal, we apply the obvious error standard of review, considering whether

the admission of [the supervisor's] testimony constituted a seriously prejudicial error tending to produce a manifest injustice." *Gravison v. Fisher*, 2016 ME 35, ¶ 28, 134 A.3d 857 (quotation marks omitted).  No foundational error rising to that level is demonstrated on this record.  *See* M.R. Evid. 602.

The entry is:

Judgment affirmed.

---

James S. Hewes, Esq., South Portland, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2017-39
FOR CLERK REFERENCE ONLY