Corinne L. ALLEN

v.

Claude ALLEN.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 21, 1992.
Decided Feb. 27, 1992.

Corinne L. Allen, pro se.

Scott J. Lynch, Ronald P. Lebel, Rocheleau, Fournier & Lebel, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Corinne Allen appeals from a Superior Court decision (Oxford County, *Bradford, J.*) denying her motion for relief from an order awarding her child support arrearages. Plaintiff alleges that the Superior Court erroneously refused to correct the calculations for medical expenses and health insurance costs. Defendant cross-appeals from the original order; the cross-appeal, however, was not filed within the time period prescribed by M.R.Civ.P. 73(a) and is dismissed.[1] We affirm the judgment.

This action for contempt and arrearages is the latest in a number of post-divorce proceedings between the parties. The Superior Court ordered defendant to pay $11,-295.38 plus interest to fulfill his support obligations, that amount representing $3,255.38 owed for medical bills and insurance and $8040 for child support. Plaintiff filed a motion for relief from judgment under Rule 60(a), alleging omission in the

---

**1.** Defendant's cross-appeal from the judgment entered May 21, 1991, was filed on July 31, 1991. Although defendant requested an extension of time within which to appeal until after receipt of plaintiff's demand for interest, the Superior Court erroneously granted that extension. *See* M.R.Civ.P. 6(b) (court may not in its discretion extend time for taking action under Rule 73(a)); M.R.Civ.P. 73(a) (authorizing extension not exceeding 30 days upon showing of excusable neglect). Defendant's motion for extension did not, and could not, allege excusable neglect as required for an extension, and the Superior Court did not base its extension on such a finding. Even if excusable neglect could be found in these circumstances, Rule 73(a) provides for an extension not to exceed 30 days from the expiration of the original time period—defendant's appeal was filed beyond this 60-day maximum period.

Superior Court's computation of the amount of medical expenses and insurance. The court had stated in its judgment that plaintiff should be reimbursed for both the medical insurance coverage and medical expenses ("documented by exhibits admitted at hearing ..."); the amount awarded, however, appears to reflect only the costs of medical insurance coverage. The court nevertheless denied plaintiff's motion for relief.

 The denial of a motion for relief from judgment is reviewed only for an abuse of discretion. *See Pederson v. Cole,* 501 A.2d 23 (Me.1985) (Rule 60(b)). Although facially the order suggests that the Superior Court inadvertently omitted the medical expenses in computing the award, plaintiff requested no findings of fact, and therefore we must assume that the Superior Court found all facts necessary to support its award. *See Murray v. Murray,* 529 A.2d 1366, 1368 n. 1 (Me.1987). In denying the motion for relief, the court discounted the possibility of a computational error by holding that plaintiff's motion under Rule 60(a) was "inappropriate." At no time did plaintiff file a motion to amend the substantive provisions of the judgment pursuant to M.R.Civ.P. 59(e). The court could have awarded all or any part of the claimed sums for expenses and insurance. The court committed no error in refusing to amend the judgment substantively under M.R.Civ.P. 60(a).

The entry is:

Judgment affirmed.

All concurring.