2007 ME 63

**Corinne S. LEARY**

**v.**

**Joseph W. LEARY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 29, 2007.

Decided: May 22, 2007.

Martha J. Harris, Paine, Lynch & Harris, P.A., Bangor, for plaintiff.

Warren C. Shay, Perkins, Townsend, Shay & Talbot, P.A., Skowhegan, for defendant.

---

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] Corinne S. Leary appeals from a divorce judgment entered in the District Court (Newport, *MacMichael, J.*), contending, among numerous issues raised on appeal, that the court failed to make an equitable division of the parties' marital property. We conclude that the court acted within the bounds of its discretion in ordering a division of marital property that reflects the de facto division of property the parties themselves made during their marriage, and therefore, we affirm the judgment, modifying it only to adopt the final name change requested by Corinne.

## I. BACKGROUND

[¶ 2] Joseph W. Leary and Corinne S. Leary both owned their own homes and their own businesses prior to meeting in 1993. Joseph owned a construction business, and Corinne owned a soil science business. In August 1995, Joseph used his own funds to purchase a gravel pit, which he put in both his and Corinne's names as tenants in common. A year and a half later, Joseph and Corinne formed a corporation, Leary Soil Works, Inc., and each party was issued one-half of the shares of stock in the corporation.

[¶ 3] The parties were married in June 1997, and Corinne moved into Joseph's home in Monson. Corinne sold her premarital home in 2000. Corinne worked for Joseph and the corporation the first year of marriage, but the parties ran their businesses separately after that, earning comparable salaries over the course of the marriage.

[¶ 4] The parties acquired several properties during the marriage. In 2000, Leary Soil Works, Inc. purchased a farmhouse and barn. In 2001, Corinne purchased an apartment building in Old Town. She transferred that property to her adult sons from a previous marriage in June 2003. In 2002, Corinne also bought two woodlots of approximately one hundred acres each for investment purposes. The parties kept the properties acquired during the marriage in their own names and paid for them independently.

[¶ 5] Apart from a brief period early in the marriage, the parties kept their finances strictly separate during the marriage. They often loaned each other money, each always repaying their debts, even during their marital difficulties. Corinne's business was seasonal and, rather than rely on Joseph for support, she often borrowed against her line of credit to support herself through the winters.

[¶ 6] Corinne filed for divorce in 2000, but dismissed the complaint in April 2001. As part of a reconciliation agreement, Corinne gave all her shares of Leary Soil Works, Inc. to Joseph and signed a release surrendering her interest in the corporation.

[¶ 7] Corinne filed for divorce a second time in June 2004. Following a four-day hearing in February and April 2006, the court issued a divorce judgment in May 2006, valuing and dividing the property as follows:

| Corinne S. Leary | Value | Joseph W. Leary | Value |
|---|---|---|---|
| **Non-marital property** | | **Non-marital property** | |
| Gravel pit | $ 60,000 | Gravel pit | $ 60,000 |
| | | Monson house | $147,483 |

| Marital property | | Marital property | |
| --- | --- | --- | --- |
| Wood lot east | $ 82,000 | Monson house improvements | $ 25,000 |
| Wood lot west | $ 92,000 | Monson house debt | ($ 27,517) |
| Debt on wood lots | ($ 16,000) | Leary Soil Works, Inc.[1] | $450,742 |
| Old Town house gifted to children | $ 0 | Leary Soil Works, Inc. debt | ($185,848) |
| Line of credit | ($ 35,000) | Mutual funds | $ 650 |
| Sole proprietorship in soil business | No value given | IRA | $ 650 |
| Nissan Pathfinder | $ 34,715 | Life insurance policy | $ 14,209 |
| Debt on Nissan Pathfinder | ($ 34,715) | Tractor, spreaders, rake, plows | No value given |
| GMC pickup | $ 19,606 | | |
| Debt on GMC pickup | ($ 19,606) | | |
| Firearms | $ 2952 | | |
| **Total non-marital property** | **$ 60,000** | **Total non-marital property** | **$207,483** |
| **Total marital property** | **$125,952** | **Total marital property** | **$277,886** |

[¶ 8] In response to the divorce judgment, Corinne filed a motion for findings of fact, conclusions of law, and amendment, pursuant to M.R. Civ. P. 52(b) and for a new trial pursuant to M.R. Civ. P. 59. The court denied her motion in June 2006. Corinne filed this timely appeal, challenging numerous aspects of the divorce judgment and the denial of her post-judgment motion filed pursuant to Rules 52 and 59.

## II. DISCUSSION

■ [¶ 9] Corinne contends that the court's division of the marital property is unequal and unjust. We review a court's division of property and debts for an abuse of discretion. *Bonville v. Bonville*, 2006 ME 3, ¶ 9, 890 A.2d 263, 266. We have repeatedly held that a division of marital property need not be equal, but it must be fair and just considering all of the parties' circumstances. *See, e.g., Murphy v. Murphy*, 2003 ME 17, ¶ 27, 816 A.2d 814, 822; *see also* 19–A M.R.S. § 953(1) (2006).

■ [¶ 10] Although we recognize that the value of the marital property division is not equal in this case, it is nonetheless just because the division mirrors how the parties themselves divided their property during the marriage. The parties lived separate financial lives during the marriage, segregating their businesses, property, and incomes. Corinne voluntarily transferred her one-half interest in Leary Soil Works, Inc. to Joseph, and she has never contested the validity of that transfer. This transfer largely accounts for the

---

1. The trial court concluded that the shares of stock in Leary Soil Works, Inc. are "primarily marital property, with a small, insignificant non-marital component." Neither party questions the court's characterization of the stock as primarily marital. We therefore do not address the validity of this characterization on appeal. The record reflects that, although the corporation was formed prior to the marriage, shares of stock in the corporation were not issued to the parties until after the marriage.

unequal value in the court's property division.

[¶ 11] The fact that the parties intended to live as separate economic units while married is plainly relevant for purposes of achieving a just division of marital property pursuant to section 953. *See* 19-A M.R.S. § 953(1) (stating that the court "shall divide the marital property in proportions the court considers just after considering all relevant factors"). A court does not abuse its discretion in simply awarding to the parties the property that they individually purchased and treated as their separate property during the marriage.

[¶ 12] We find no merit in and do not separately address Corinne's remaining contentions. We do, however, modify the divorce judgment to reflect Corinne's final requested name change. Although the court changed Corinne's name as requested at trial, her subsequent request for a different name was not addressed in the court's order denying her request for additional findings made pursuant to M.R. Civ. P. 52(b).

The entry is:

The section of the divorce judgment entitled "Change of Name" is modified by the substitution of the name Knapp for O'Leary. As modified, the divorce judgment is affirmed.