MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 144
Docket:      Ken-16-449
Argued:      May 10, 2017
Decided:     July 6, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

AMY B. MILLS

v.

ROGER M. FLEMING

SAUFLEY, C.J.

[¶1]  Amy B. Mills appeals from a judgment of divorce entered in the District Court (Augusta, *Mathews, J.*) on her complaint against Roger M. Fleming.  Mills challenges, on constitutional grounds and as an abuse of the court's discretion, a provision that requires each parent to make a good faith effort to transport the parties' two minor children to specific extracurricular activities or, alternatively, to provide the other parent a right of first refusal to transport the children.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Amy B. Mills and Roger M. Fleming are the parents of a ten-year-old boy and an eight-year-old boy.  The court found that both parties are "highly functional, dedicated[,] and effective parents."  "[T]he children are healthy,

well-behaved, have many friends, excel at school, excel in their activities they participate in, and generally are happy."  "[O]n most matters the parents agree and work very well together."  The parties disagree, however, about the children's level of involvement in a developmental soccer league.  Fleming wants the children to continue in the developmental soccer league, but Mills objects to the commitment of the children's time.

[¶3]  Although the parties were able to resolve almost all other issues in their relatively complex divorce in an agreement to be incorporated into the divorce judgment, they were unable to reach an agreement regarding the soccer program.  Following a contested trial on this issue, the court specifically found that the soccer program is beneficial to the children's "athletic development" and "social maturity."  The court further found that the children's participation in soccer had not harmed them, the inconvenience to the parents' schedules is offset by the benefits to the children, and it is in the children's best interests to continue participating in the program and "for the parents to work out their schedules so that the activity may continue."

[¶4]  The court awarded the parties shared parental rights and responsibilities and equal residential care. The judgment further provided that, with respect to the children's extracurricular activities, "unless otherwise

agreed . . . [e]ach party shall make a good faith effort to get the children to their activities." If the parent with whom the children are residing is unable to take the children to their activities, that parent "shall provide the other parent with the right of first refusal to transport and assume responsibility for the children."

[¶5] Mills filed a timely notice of appeal on September 23, 2016. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶6] Mills argues that the provision requiring each parent to transport, or allow the other parent to transport, the children to extracurricular activities, even when the parent objects to the children's participation, violates her constitutionally-protected liberty interest in the care, custody, and control of her children. *See Pitts v. Moore*, 2014 ME 59, ¶ 11, 90 A.3d 1169; *see also Troxel v. Granville*, 530 U.S. 57, 65-66 (2000); *Conlogue v. Conlogue*, 2006 ME 12, ¶ 12, 890 A.2d 691.

[¶7] A judgment respecting parental rights and responsibilities does not implicate a parent's fundamental right to parent unless it constitutes a state intrusion on that right. *See Rideout v. Riendeau*, 2000 ME 198, ¶ 20, 761 A.2d 291. Such an intrusion may be found to exist when a judgment directly and substantially limits the parent's decision-making authority and delegates an

4

aspect of parental rights and responsibilities to a third party. *Karamanoglu v. Gourlaouen*, 2016 ME 86, ¶¶ 24-27, 140 A.3d 1249; *Pitts*, 2014 ME 59, ¶ 17, 90 A.3d 1169; *Conlogue*, 2006 ME 12, ¶ 16, 890 A.2d 691.

[¶8]  Courts deciding parental rights matters are regularly called upon to resolve disputes when dedicated, loving, and fit parents are unable to reach agreement regarding their children's participation in beneficial educational, sports, and community activities.  Court resolution of such disputes, as occurred here, involves no state intrusion on the parties' right to parent. Pursuant to the court's award of shared parental rights and responsibilities, all decisions concerning the children remain within the parents' ultimate authority, except where the parents cannot agree.  Mills and Fleming are even free by agreement to discontinue the children's participation in soccer at any time, and they may create any transportation arrangement that they wish, without interference or limitation.  It is only when the two, fit parents disagree that the court's order is needed to resolve the dispute.

[¶9]  The necessary court resolution of the parents' dispute, after each parent was heard, does not substitute the court's judgment for that of the parents; it merely reflects court resolution of a dispute that the parents themselves could not resolve.  The judgment neither directly requires the

parties to continue—or discontinue—the children's enrollment in soccer, should both parties agree on either option, nor does it delegate any aspect of parental decision-making to a third party. Thus, the provision resolving the dispute over issues related to the children's participation in soccer is not a state intrusion into, and does not infringe upon, their shared right to make decisions concerning their children. *See Karamanoglu*, 2016 ME 86, ¶ 26, 140 A.3d 1249.

[¶10] When fit parents, who are parenting separately, cannot agree on an aspect of their shared parenting responsibilities, and cannot agree on a nonlitigation-based method of resolving that dispute, the court must undertake its responsibility to adjudicate the facts and provide a resolution to the dispute. Although a negotiated resolution by caring parents holds the potential for the best outcome for the children, the court must act when the parents cannot resolve their dispute. Absent the court's availability for that dispute resolution, the uncertainty, discord, and continued stalemate between the parents would leave children, torn between those parents, in an untenable circumstance. Simply put, a court order that allows one parent to make the decision on a disputed child-related issue does not violate the constitutional rights of either parent.

[¶11]  The court's findings and orders regarding the extracurricular activities here constitute no abuse of the court's discretion.  *See Violette v. Violette*, 2015 ME 97, ¶ 30, 120 A.3d 667.  The court's factual findings concerning the soccer program are supported by testimony and other evidence that the children enjoy the program, receive athletic and social benefits from their participation, and do well in school despite their commitment of time to the program.  *See id.*  There is no indication that the court considered any impermissible factor or inappropriately gave dispositive weight to any factor in applying the best interest of the child standard. *See Knight v. Knight*, 680 A.2d 1035, 1038 (Me. 1996).

[¶12]  Although Mills disagrees with the court's resolution of the parties' disagreement over soccer, the decision was reasonable and was based on the court's findings, which were supported by evidence presented at trial.  *See Akers v. Akers*, 2012 ME 75, ¶ 5, 44 A.3d 311 ("[T]he trial court will often be presented with circumstances where there is no 'wrong' decision . . . .").  Further, the judgment does not unreasonably restrict the parties' exercise of their shared decision-making authority.  *See Violette*, 2015 ME 97, ¶ 31, 120 A.3d 667.  The court did not abuse its discretion in finding that continued

participation in soccer was in each child's best interest, or in ordering the default transportation provision.

The entry is:

Judgment affirmed.

---

Kristin A. Gustafson, Esq. (orally), Gustafson Family Law, Augusta, for appellant Amy B. Mills

Theodore H. Irwin, Jr., Esq. (orally), Irwin Tardy & Morris, Portland, for appellee Roger M. Fleming

Augusta District Court docket number FM-2014-486
FOR CLERK REFERENCE ONLY