MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2018 ME 23
Docket:       Fra-17-275
Submitted
  On Briefs:  November 29, 2017
Decided:      February 6, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

STACY B. (GREENLEAF) MOOAR

v.

TERRY L. GREENLEAF

HUMPHREY, J.

[¶1]   Terry L. Greenleaf appeals from a judgment of divorce from Stacy B. (Greenleaf) Mooar entered by the District Court (Farmington, *Carlson, J.*).  In this appeal, Greenleaf contends that the court erred by failing to classify the increase in value to the property in Jay, Maine as marital or nonmarital and that it abused its discretion in its award of spousal support.  We vacate the judgment in part and remand for further proceedings.

## I.  BACKGROUND

[¶2]   On January 6, 2016, Mooar filed a complaint for divorce from Greenleaf after over nineteen years of marriage.  The parties have five minor children, including three adopted children, and one adult child who lives with Greenleaf.  The adult son neither attends school nor works.  Greenleaf has

2

worked for the Town of Jay for the past thirty years, earning $51,104.80 annually. Mooar is a stay-at-home parent and receives $26,097.50 in annual adoption subsidies.

[¶3] During the marriage, the parties lived in Jay on land conveyed to Greenleaf by his parents prior to the parties' marriage. Greenleaf purchased a mobile home before the marriage for $18,500, providing a down payment of $10,000 and financing $8,500. At the time of the divorce, there was a mortgage on the property with a balance owed of $28,594.57.[1] The value of the real estate, including the home, was $44,930.

[¶4] The court held a contested hearing on March 17, 2017.[2] In its divorce judgment, the court awarded the real estate in Jay and the debt associated with it to Greenleaf and ordered Greenleaf to pay Mooar (1) child support arrearages of $12,408; (2) ongoing child support pursuant to the child support guidelines; and (3) spousal support of $350 per week for 9.75 years. The court also ordered Greenleaf's retirement account, worth $132,799.64 and

---

[1] Although the court does not articulate this in its judgment, this amount is the undisputed balance owed on a home equity loan that the parties took out in 2005 in Greenleaf's name to pay off the remainder of the loan on the mobile home and to pay for home improvements.

[2] Before the hearing, the parties engaged in mediation and agreed to parental rights and responsibilities and primary residence of the minor children. Mooar was awarded primary residence for the four youngest children and Greenleaf was awarded primary residence for the parties' oldest minor son.

subject to a loan of $19,050.68, to be liquidated to pay off the outstanding loan as well as the child support arrearage, and ordered that the remainder be divided between the parties, with sixty percent awarded to Mooar and forty percent to Greenleaf. Mooar was allocated any and all debts solely in her name and Greenleaf was allocated any and all debts solely in his name as well as any and all joint marital debts.

[¶5] Greenleaf filed a timely motion to amend the court's findings, make additional findings, and amend the divorce judgment pursuant to M.R. Civ. P. 52(b) and 59(e), or, in the alternative, for a new trial pursuant to M.R. Civ. P. 59(b). The court granted the motion in part, amending its judgment to reduce Greenleaf's weekly child support obligation to account for the cost of the children's health insurance, but summarily denied the other relief sought. Greenleaf timely appealed. *See* 19-A M.R.S. § 104 (2017); M.R. App. P. 2(b)(3) (Tower 2016).[3]

## II. DISCUSSION

[¶6] Before addressing Greenleaf's arguments regarding the court's failure to classify the real estate in Jay as marital or nonmarital and its award of

---

[3] This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply. *See* M.R. App. P. 1.

spousal support, we must first consider how Greenleaf's Rule 52 motion affects the standard of appellate review. *See Ehret v. Ehret*, 2016 ME 43, ¶ 8, 135 A.3d 101.

[¶7] After the entry of a judgment, if a party moves for findings pursuant to Rule 52, "the trial court must ensure that the judgment is supported by express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision." *Id.* ¶ 9. Although we ordinarily assume that a trial court found all the facts necessary to support its judgment, when, as here, "a motion for findings has been filed and denied, we cannot infer findings from the evidence in the record. Instead, the court's decision must include sufficient findings to support its result or the order must be vacated." *Douglas v. Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965 (citation omitted). We review a trial court's denial of a Rule 52 motion for abuse of discretion. *See Dalton v. Dalton*, 2014 ME 108, ¶ 21, 99 A.3d 723.

[¶8] Because the court denied Greenleaf's Rule 52 motion as it pertained to the property classification and spousal support, we cannot infer findings from the record. *See Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965. If we conclude that the court abused its discretion when it denied Greenleaf's Rule 52 motion

regarding the property classification or spousal support award, we must vacate the denial of Greenleaf's motion and must also vacate those portions of the judgment and remand for further findings. *See id.*; *Ehret*, 2016 ME 43, ¶ 16, 135 A.3d 101.

A.    Property Classification

[¶9]  Greenleaf contends that the court erred when it failed to classify the real estate in Jay as marital or nonmarital property and that it abused its discretion when it denied his Rule 52 motion regarding the property distribution. *See Dalton*, 2014 ME 108, ¶ 21, 99 A.3d 723.  In his Rule 52 motion and on appeal, Greenleaf argues that the real estate should have been designated as nonmarital.

[¶10]   In its judgment, the court discussed the real estate in Jay, explaining that Greenleaf had received the land by gift and had purchased the mobile home prior to the parties' marriage by providing a down payment and financing the balance of the purchase price, with the majority of the payments on the mortgage made during the marriage.  The judgment referenced the outstanding mortgage and present property value, which had increased over the years of the marriage.  It did not, however, classify the property as marital or nonmarital before awarding it and the associated debt to Greenleaf.

6

[¶11]  We have "long recognized a three-step process for distributing property in a divorce." *Laqualia v. Laqualia*, 2011 ME 114, ¶ 13, 30 A.3d 838; *see also* 19-A M.R.S. § 953(1) (2017).  First, the trial court must distinguish marital from nonmarital property.  *See Laqualia*, 2011 ME 114, ¶ 13, 30 A.3d 838.  Property acquired by one party before marriage is typically designated as nonmarital.  *See Miliano v. Miliano*, 2012 ME 100, ¶¶ 16, 23, 50 A.3d 534.  The other party must then demonstrate that the property has marital components before the burden shifts to the first party to show which portion of the property is nonmarital.  *See id.* ¶ 23; *see also Violette v. Violette*, 2015 ME 97, ¶ 23, 120 A.3d 667 (explaining that when a spouse obtains real property before marriage, but the parties make mortgage payments during the marriage, the property will have both marital and nonmarital components).  Second, the court must set apart the nonmarital property to its owner.  *See Laqualia*, 2011 ME 114, ¶ 13, 30 A.3d 838; *see also Miliano*, 2012 ME 100, ¶ 16, 50 A.3d 534 (stating that the court has no discretion to distribute nonmarital property because "such property is simply not subject to the court's general equitable powers of distribution" (alteration omitted) (quotation marks omitted)).  "Finally, the court must divide marital property in such proportion

as the court deems just." *Laqualia*, 2011 ME 114, ¶ 13, 30 A.3d 838 (quotation marks omitted).

[¶12] Although the court's findings suggest that the real estate in Jay has both marital and nonmarital components, the court did not determine what portion of it is nonmarital to be set aside to Greenleaf and thus missed an integral part of the first step in the property distribution process outlined above.[4] *See Laqualia*, 2011 ME 114, ¶ 13, 30 A.3d 838. Because the court denied Greenleaf's Rule 52 motion, we cannot infer whether the remainder of the property division, including the division of Greenleaf's retirement account, would have been affected by a classification of the Jay real estate, or portions of it, as marital or nonmarital. *See Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965.

[¶13] In its judgment, the court neither set forth adequate findings on this contested issue nor made findings on the issues raised by Greenleaf in his Rule 52 motion, thus preventing effective appellate review. *See Finucan v. Williams*, 2013 ME 75, ¶ 15, 73 A.3d 1056. Accordingly, the denial of Greenleaf's motion regarding the property classification constitutes an abuse of discretion. We must vacate this portion of the judgment and remand for the court to

---

[4] Nor did the court indicate that the parties had presented insufficient evidence to shift the burdens. *See Miliano v. Miliano*, 2012 ME 100, ¶ 23, 50 A.3d 534.

8

classify the real estate in Jay, or portions of it, as marital or nonmarital and to reevaluate the entire property distribution, if necessary.

B.    Spousal Support

[¶14]  Greenleaf also contends that the court abused its discretion in its determination of spousal support and asserts that he does not have the ability to pay the required amount.  In his Rule 52 motion and on appeal, Greenleaf highlights the judgment's silence on his ability to pay.  We review a court's decision regarding spousal support for abuse of discretion.  *See Jandreau v. LaChance*, 2015 ME 66, ¶ 14, 116 A.3d 1273.

[¶15]  Section 951-A(5) of title 19-A outlines the factors that a court must consider when determining an award of spousal support.  Included in the list of factors is the "ability of each party to pay."  19-A M.R.S. § 951-A(5)(B) (2017).  The statute requires the court to make a statement accompanying its award of spousal support, referencing the factors on which it relied.  19-A M.R.S. § 951-A(1)(D) (2017).

[¶16]  In its order granting spousal support, the court made such a statement, discussing the length of the marriage, the health of the parties, the parties' contributions to homemaking, and the divergent employment and income histories of the parties.  Absent from that list is Greenleaf's ability to

pay. Although the court may rely on some of the factors listed in section 951-A(5) to the exclusion of others, *Jandreau*, 2015 ME 66, ¶ 16, 116 A.3d 1273, and "the court need not detail its rationale, it has a duty to make sufficient findings to inform the parties of the reasons for its conclusions, and to allow for effective appellate review," *Finucan*, 2013 ME 75, ¶ 15, 73 A.3d 1056 (alteration omitted) (quotation marks omitted).

[¶17] According to Greenleaf, he would be left with $18 each week after weekly deductions, expenses, and the spousal support payment. Mooar disputes Greenleaf's calculation. Further, a calculation using the information provided by Greenleaf in his financial statement does not support the amount calculated by either party in their briefs.[5] Nevertheless, given the small amount of money that Greenleaf alleges he will have left over each week, Greenleaf's ability to pay is a relevant factor that the court should have considered—and explained how it considered—in its spousal support award. *See Ehret*, 2016 ME 43, ¶ 17, 135 A.3d 101. Because we cannot infer findings after a denial of a Rule 52 motion, the court's failure to address Greenleaf's ability to pay precludes effective appellate review. *See Finucan*, 2013 ME 75, ¶ 15,

---

[5] This calculation uses the amended child support payment and removes the loan payment because the court ordered the loan to be paid off with the proceeds from Greenleaf's liquidated retirement account.

73 A.3d 1056. Accordingly, we conclude that the court also abused its discretion when it denied Greenleaf's Rule 52 motion as it pertained to the spousal support award. We therefore vacate this portion of the divorce judgment and remand for the court to consider, and explain how it considered, Greenleaf's ability to pay. *See id.* ¶ 18.

The entry is:

> Order denying motion for further findings with regard to the property distribution and the spousal support vacated. Divorce judgment vacated only as to property distribution and spousal support. Remainder of judgment is affirmed. Remanded for further proceedings consistent with this opinion.

Patrick R. Nickerson, Esq., Paradie, Sherman, Walker & Worden, Lewiston, for appellant Terry L. Greenleaf

Caroline Y. Jova, Esq., Pine Tree Legal Assistance, Portland, for appellee Stacy B. (Greenleaf) Mooar

Farmington District Court docket number FM-2016-03
FOR CLERK REFERENCE ONLY