MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2019 ME 85
Docket:      Cum-18-490
Argued:      May 15, 2019
Decided:     May 30, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

MARK C. KLEIN

v.

JESSICA A. (DEMERS) KLEIN

JABAR, J.

[¶1]   Mark C. Klein appeals from a judgment of the District Court (Portland, *Cashman, J.*) granting a divorce from Jessica A. Demers and setting parental rights and responsibilities between them as to their minor child and from the denial of his motion for further findings of fact.  We vacate the judgment in part and remand.

## I.  BACKGROUND

[¶2]   Klein and Demers were married on January 2, 2015, and in September of that year, Demers gave birth to the parties' daughter.  Although Klein and Demers initially worked together to care for their daughter, their relationship began to deteriorate over the next year, culminating in Klein

moving out of the family home and Demers taking the child out of the state but later returning.

[¶3] In late 2016, Klein filed a complaint for divorce against Demers, and after several failed mediations, the court held a three-day hearing solely on the issue of parental rights and responsibilities.[1] On October 17, 2018, the court issued its judgment, awarding Demers primary residence of the child and allocating parental rights and responsibilities between Klein and Demers as "generally . . . shared . . . subject to the allocation of final decision making to [Demers]." The court also created a phased schedule for Klein's contact with the child that increased his visitation with the child over four distinct periods of time, culminating in one four-hour period each week combined with overnights every other weekend.

[¶4] Klein filed a motion for reconsideration, *see* M.R. Civ. P. 59(e), and a motion for further findings of fact, *see* M.R. Civ. P. 52(b). The court denied both motions. Klein timely appealed. *See* M.R. App. P. 2B(c)(1); 14 M.R.S. § 1901 (2018); 19-A M.R.S. § 104 (2018).

---

[1] Prior to the hearing, Klein and Demers stipulated to all financial aspects of the divorce, including spousal support, property and debt division, and child support. Neither party challenges the resulting portions of the judgment on appeal.

## II. DISCUSSION

[¶5] Klein contends that the court abused its discretion by allocating final decision-making authority to Demers and by placing limitations on his contact with the child. We review an award of parental rights and responsibilities for an abuse of discretion. *See Dube v. Dube*, 2016 ME 15, ¶ 5, 131 A.3d 381; *Violette v. Violette*, 2015 ME 97, ¶ 30, 120 A.3d 667. We review the denial of Klein's motion for further findings for an abuse of discretion as well. *See Mooar v. Greenleaf*, 2018 ME 23, ¶ 7, 179 A.3d 307.

[¶6] In making factual findings, a court "is free to accept or reject the testimony of individual witnesses in whole or in part, and it is free to reject testimony that is not contradicted if it finds that testimony incredible." *In re Marpheen C.*, 2002 ME 170, ¶ 5, 812 A.2d 972. In doing so, the court "must consider all properly admitted evidence" and then apply "its independent judgment to that evidence in reaching its findings and conclusions." *Id.* In the normal course, we may "assume that [the court] found all facts necessary to support its judgment." *Mooar*, 2018 ME 23, ¶ 7, 179 A.3d 307. However, when, like here, a motion for further findings has been filed and denied, "we cannot infer findings from the evidence in the record." *Douglas v. Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965. Instead, the court's "judgment [must be] supported by

express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision." *Mooar*, 2018 ME 23, ¶ 7, 179 A.3d 307 (quotation marks omitted).

[¶7]  In this case, the court's judgment does not contain the express factual findings that are necessary to support its conclusion that allocation of final decision-making authority to Demers and limitations on Klein's contact is in the best interest of the child.  Although the court described the testimony of the parties and witnesses at length, it did not state what testimony it believed or what findings it made on the basis of that testimony.  *See, e.g., In re Brandon D.*, 2004 ME 98, ¶ 4, 854 A.2d 228 ("Many of the statements . . . begin with the phrase 'the witness testified that,' but a few sentences contain the phrase 'the court concludes' or 'the court finds. . . . [F]rom the context, it appears that the court is summarizing testimony.'"); *In re Marpheen C.*, 2002 ME 170, ¶ 5, 812 A.2d 972 ("A summary of individual witness's testimony is not necessary or even desirable as part of [the] fact-finding process.").  As a result, we are unable to engage in effective appellate review of the contested issues.

[¶8]  Because the court's judgment, despite discussing the *evidence* at length, does not contain adequate *findings* to support its result, the court

abused its discretion by denying Klein's motion for further findings of fact.  *See Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101 ("[I]f the judgment does not include specific findings that are sufficient to support the result, appellate review is impossible and the order denying findings must be vacated.").  We therefore vacate that portion of the court's judgment bearing on final decision-making authority and Klein's contact with the child, and remand for the court to make further factual findings based upon the substantial record already before it and to enter a new or renewed judgment on final decision-making authority and Klein's contact with the child.[2]  *See* M.R. Civ. P. 52(b) (in acting on a motion for further findings of fact, the court "may amend the judgment if appropriate").

---

[2] In the interest of judicial economy and finality, we also briefly address Klein's additional contentions.  First, a judgment setting the parental rights and responsibilities between two parents does not constitute a state intrusion into the fundamental right to parent, nor does it deny either parent equal protection of that right.  *See Mills v. Fleming*, 2017 ME 144, ¶ 7, 166 A.3d 1012 (stating that a "judgment respecting parental rights and responsibilities does not implicate a parent's fundamental right to parent unless it . . . directly and substantially limits the parent's decision-making authority and delegates an aspect of parental rights and responsibilities to a third party"); *Guardianship of Chamberlain*, 2015 ME 76, ¶ 26, 118 A.3d 229 (explaining that a standard of proof of a preponderance of the evidence is applicable because an action for divorce or parental rights and responsibilities seeks to "balanc[e] the rights of two individuals who have equal rights in parenting"); *Jacobs v. Jacobs*, 507 A.2d 596, 599 (Me. 1986) (stating that "there is no need to provide special protection for the familial relation interest of one parent against the other who has the identical interest").

Second, a court is authorized to award a combination of shared and allocated parental rights by granting one parent explicit final decision-making authority when necessary for the best interest of a child.  *See* 19-A M.R.S. §§ 1501(1), 1653(2)(D)(1) (2018); *Sheikh v. Haji*, 2011 ME 117, ¶ 15, 32 A.3d 1065 ("[T]he trial court [did not] abuse its discretion in awarding final decision-making authority to [one parent] in the event that the [parents] disagree about significant decisions affecting the child[].").

The entry is:

> Order denying motion for further findings with regard to allocation of final decision-making authority and rights of contact vacated. Divorce judgment vacated only as to allocation of final decision-making authority and rights of contact. Remainder of judgment affirmed. Remanded for further proceedings consistent with this opinion.

Daniel D. Feldman, Esq. (orally), Hallett Whipple Weyrens, Portland, for appellant Mark C. Klein

Christopher R. Causey, Esq. (orally), Bourque Clegg Causey & Morin LLC, Sanford, for appellee Jessica A. (Demers) Klein

Portland District Court docket number FM-2016-735
FOR CLERK REFERENCE ONLY