MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 133
Docket:       Han-19-77
Submitted
  On Briefs:  July 18, 2019
Decided:      August 13, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

NANCY BERGIN

v.

DANIEL BERGIN


JABAR, J.

[¶1]  Nancy Bergin appeals from a judgment of the District Court (Ellsworth, *Roberts*, *J.*) granting a divorce from Daniel Bergin, setting parental rights and responsibilities between them as to the parties' three minor children, denying her request for an order for protection from abuse, and denying her motion for further findings of fact.  Nancy argues that the court erred and abused its discretion by granting Daniel primary residence of the children and final decision-making authority in regard to the children; by allowing an expert on parental alienation to testify; by declining to award her continuing spousal support; and by denying her request for an order for protection from abuse.  We affirm the judgment.

## I. BACKGROUND

[¶2] Over five days in September and October 2018, the court held a final hearing on Nancy's complaints for divorce and protection from abuse against Daniel. On February 7, 2019, the court issued its judgment allocating parental rights between the parties, with Daniel awarded final decision-making authority and the right to provide primary residence to the children. The court denied Nancy's request for an order for protection from abuse.

[¶3] Nancy moved the court to reconsider its judgment and for further findings of fact. *See* M.R. Civ. P. 52(b), 59(e). The court denied Nancy's motion, stating that it consisted only of "disagreements with the court's findings." Nancy timely appealed. *See* 19-A M.R.S. § 104 (2018); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

A.    Parental Rights and Responsibilities

[¶4] Nancy argues that the court erred by granting Daniel primary residence of the children and final decision-making authority, and by denying her motion for further findings of fact in relation to those determinations. We review the court's underlying factual findings for clear error and its ultimate decision on both an award of parental rights and responsibilities and the denial

of a motion for further findings of fact for an abuse of discretion. *Klein v. Klein*, 2019 ME 85, ¶ 5, 208 A.3d 802; *Pyle v. Pyle*, 2017 ME 101, ¶ 7, 162 A.3d 814.

[¶5]  The court's judgment includes extensive factual findings regarding the background of the case as well as additional findings specific to each of the best interest factors that it was required to consider before setting parental rights and responsibilities between the parties.  *See* 19-A M.R.S. § 1653(3) (2018); *Nadeau v. Nadeau*, 2008 ME 147, ¶ 35, 957 A.2d 108 (stating that a court's findings are sufficient when it is clear that "the court considered the best interest factors by expressly analyzing those factors most relevant under the circumstances presented").

[¶6]  In particular, the court found that Nancy's persistent and unrelenting efforts to prevent the children from having a healthy relationship with their father outweighed other factors regarding the children's best interests.  The record supports the court's finding that, despite a previously "strong relationship" with Daniel, the children were left without a meaningful relationship with their father as a result of Nancy's interference, frequent moves, and refusal to allow and support regular contact between the children and Daniel.  The court's thorough and thoughtful findings regarding the best interests of the children reflect an appropriate application of the legislatively

4

established policy encouraging children's connections with both parents. *See* 19-A M.R.S. § 1653(1)(C), (3)(H) (2018).

[¶7] Although there may be evidence that could support a different outcome, all of the court's factual findings are supported by competent evidence in the record, and that record does not compel a different outcome. *See Sloan v. Christianson*, 2012 ME 72, ¶ 33, 43 A.3d 978 ("The trial court is not bound to accept any testimony or evidence as fact, and determinations of the weight and credibility to assign to the evidence are squarely in the province of the fact-finder."). Accordingly, the court did not abuse its discretion in its award of primary residence and final decision-making authority to Daniel, or by denying Nancy's motion for further findings of fact.

B. Expert Testimony

[¶8] Next, Nancy asserts that the court erred by allowing an expert to testify on parental alienation because the witness's testimony was not reliable or credible. We review the trial court's qualification of an expert witness for an abuse of discretion. *See Tolliver v. Dep't of Transp.*, 2008 ME 83, ¶ 28, 948 A.2d 1223; *State v. Cookson*, 2003 ME 136, ¶ 20 & n.2, 837 A.2d 101.

[¶9] Maine Rule of Evidence 702 provides that an expert may testify in the form of an opinion if her specialized knowledge "will help the trier of fact to

understand the evidence or to determine a fact in issue." To be admissible, expert testimony must (1) "meet a threshold level of reliability," (2) be "relevant pursuant to M.R. Evid. 401," and (3) "assist the trier of fact in understanding the evidence or determining a fact in issue." *Tolliver*, 2008 ME 83, ¶ 29, 948 A.2d 1223 (quotation marks omitted).

[¶10] In this case, the trial court reasonably concluded that all three requirements were met. The expert testified extensively as to her work in the field of parental alienation, her education, her publications, the general acceptance of the field, her previous work as an expert in judicial proceedings, and the methods that she applied in this specific case. The hearing included substantial discussions of Nancy's role in preventing Daniel from having contact with the children, making the expert's testimony relevant, and the testimony aided the court by providing "a counterintuitive explanation as to the dynamics . . . present in [the] situation." Further, the court appropriately limited the purposes of the expert's testimony, stating, for example, that the court would not treat that testimony as bearing on whether certain factual matters were true. In any event, however, the court did not assign the expert's testimony much weight, finding that no parental alienation had occurred and that the expert "presented as an advocate for one side, rather than a neutral

observer." Therefore, the court did not abuse its discretion by allowing the expert to testify.

## C.  Spousal Support

[¶11]  Nancy also argues that the court erred by declining to award her continuing spousal support.  Contrary to her argument, the court's finding that both she and Daniel earn, or have the potential to earn, minimum wage levels of income is supported by competent evidence in the record.  *See Payne v. Payne*, 2008 ME 35, ¶ 6, 942 A.2d 713 (stating that a trial court's determination of income is reviewed for clear error).  Given that finding, it was not an abuse of discretion for the court to decline to award her spousal support.  *See* 19-A M.R.S. § 951-A(2)(A) (2018) (explaining that the court may award general spousal support "to a spouse *with substantially less income potential* than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce." (emphasis added)); *Durkin v. Durkin*, 2019 ME 32, ¶ 10, 203 A.3d 812.

## D.  Protection from Abuse

[¶12]  Finally, Nancy contends that the court erred by finding that she failed to prove by a preponderance of the evidence that Daniel had abused her or their three children.  *See* 19-A M.R.S. § 4006(1) (2018); *Walton v. Ireland*,

2014 ME 130, ¶ 22, 104 A.3d 883. We review a court's factual findings for clear error and will affirm those findings as long as "they are supported by competent evidence in the record, even if the evidence might support alternative findings of fact." *Handrahan v. Malenko*, 2011 ME 15, ¶ 13, 12 A.3d 79 (quotation marks omitted).

[¶13] Several of the allegations in Nancy's complaint did not meet the statutory definition of "[a]buse," 19-A M.R.S. § 4002(1) (2018), and the remainder of the allegations were disputed, with evidence presented that conflicted with Nancy's version of the events. *See Walton*, 2014 ME 130, ¶ 23, 104 A.3d 883 ("No principle of appellate review is better established than the principle that credibility determinations are left to the sound judgment of the trier of fact." (quotation marks omitted)); *Smith v. Hawthorne*, 2002 ME 149, ¶ 16, 804 A.2d 1133 ("The deferential standard of 'clear error' is particularly appropriate in actions for protection from abuse where the trial court's ability to observe the witnesses invariably plays a part in its assessment of the impact a particular person's words and actions had upon another person."). On this record, the court did not err by denying Nancy's request for an order for protection from abuse.

The entry is:

Judgment affirmed.

---

Scott F. Hess, Esq., The Law Office of Scott F. Hess, LLC, Augusta, for appellant Nancy Bergin

Robert C. Granger, Esq., Acadia Law Group, LLC, Ellsworth, for appellee Daniel Bergin