MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2025 ME 51
Docket:         Pen-24-486
Submitted
  On Briefs:    May 21, 2025
Decided:        June 17, 2025

Panel:          MEAD, HORTON, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

KATHLEEN M. BARRON

v.

JOHN D. BARRON

MEAD, J.

[¶1]  John D. Barron appeals from a divorce judgment entered by the District Court (Bangor, *Roberts, J.*), primarily contending that the court made insufficient findings to support its award of a $57,790.17 payment to Kathleen M. Barron to equalize the division of property between the parties.  We agree, vacate the judgment in part, and remand for further findings.

## I.  BACKGROUND

[¶2]  Because John filed a post-judgment motion for further findings of fact pursuant to M.R. Civ. P. 52 that the trial court denied, "we cannot infer findings from the evidence in this record."  *Bolduc v. Bolduc*, 2023 ME 54, ¶ 13 n.9, 301 A.3d 771.  The court was required to "ensure that the [divorce] judgment is supported by *express* factual findings that are based on record

evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision." *Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101 (emphasis added). Accordingly, "if the judgment does not include specific findings that are sufficient to support the result, appellate review is impossible." *Id.*

[¶3] Here, the court's express findings are sparse. The divorce judgment is largely an order of disposition, with most of the facts potentially supporting the court's dispositional choices left to be implied from the record. No assets are explicitly valued or designated as marital or nonmarital.[1] Debts are allocated but not assigned a value. The court made no findings concerning John's request for spousal support. There are no findings regarding the parties' credibility.

[¶4] The express findings that the court did make are not clearly erroneous. *See Bolduc*, 2023 ME 54, ¶ 8, 301 A.3d 771. The parties were

---

[1] Kathleen testified that one of the couple's vehicles—a 1931 Ford Model A—was John's nonmarital property. Additionally, the court's use of the phrase "set aside to" in awarding an auto repair business to John "as his sole and absolute property" suggests that the court found that the business was a nonmarital asset. *See* 19-A M.R.S. § 953(1) (2025) (providing that "the court shall set apart to each spouse the spouse's property"); *Bolduc v. Bolduc*, 2023 ME 54, ¶ 8, 301 A.3d 771.

Because on remand the trial court must make findings and explain its reasoning concerning the classification and valuation of the parties' property, we do not reach John's argument that the court erred in accepting Kathleen's outdated valuation of her financial accounts.

married in Bangor on June 2, 1984. Collectively, they own several vehicles, other personal property that they have divided to their satisfaction, financial accounts, and pension/retirement accounts. John owns a business called "Smith's Auto Tech," which has unspecified assets and debts. The parties own real estate on Griffin Road in Bangor.

[¶5] Kathleen filed a complaint for divorce in April 2022, and John counterclaimed. The court held a contested bench trial at which the parties testified and the court admitted numerous exhibits. Both parties submitted closing calculations in support of their desired outcome. Relevant here, Kathleen proposed an equalization payment to her of $57,790.17. John proposed an equalization payment of approximately $38,561 if one were ordered but argued that "the Court can make an equitable distribution of the assets without selling the real estate." The court's judgment, without explanation, ordered that John make a $57,790.17 lump sum payment to Kathleen within ninety days, or else the real estate would be sold.

[¶6] John timely appealed. M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7] John primarily challenges the court's award of an equalization payment that he must make to avoid the sale of the marital home, which also

houses his business. It is evident that in making its award, the court accepted Kathleen's post-trial calculations, which arrived at the exact amount of the award. In adopting Kathleen's bottom-line number, the court necessarily adopted her underlying valuation of the parties' assets. The divorce judgment contains no findings or any analysis concerning John's proposed alternatives to the sale of the real estate.

[¶8] The trial court was permitted to accept Kathleen's calculations, but as we made clear in *Bolduc*, "[b]efore the court equitably divides marital property . . . it must first determine the marital property's value by conducting an *independent* review of the evidence presented by the parties." 2023 ME 54, ¶ 12, 301 A.3d 771 (emphasis added); *see also Klein v. Klein*, 2019 ME 85, ¶ 6, 208 A.3d 802 (stating that "the court must . . . apply its independent judgment to th[e] evidence in reaching its findings and conclusions" (quotation marks omitted)).

[¶9] Here, where we cannot infer factual findings, *Bolduc*, 2023 ME 54, ¶ 13 n.9, 301 A.3d 771, there is nothing in the divorce judgment that allows us to review the required independent judicial assessment of valuation evidence, which is particularly necessary when the trial court adopts one party's calculations *in toto*. *See Bonville v. Bonville*, 2006 ME 3, ¶ 9, 890 A.2d 263

("When . . . [the] court adopted verbatim one party's proposed findings or judgment, we seek to determine whether the court's findings and order reflect the application of judgment by the court and not simply one of the parties." (quotation marks omitted)). For that reason, we cannot determine whether the trial court abused its discretion in distributing the marital property. *See Bolduc*, 2023 ME 54, ¶ 8, 301 A.3d 771 ("We review the court's distribution of marital property for an abuse of discretion." (alterations and quotation marks omitted)).

[¶10] Accordingly, we vacate the judgment and remand for further findings. On remand, the court may reopen the evidence at its discretion, but we make no suggestion that it is required to do so.

The entry is:

> Judgment vacated as to the distribution of property. The remainder of the judgment is affirmed. Remanded for further proceedings consistent with this opinion.

Zachary Brandmeir, Esq., Bangor, for appellant John D. Barron

James C. Munch, III, Esq., Vafiades, Brountas & Kominsky, Bangor, for appellee Kathleen M. Barron

Bangor District Court docket number DIV-2022-149
FOR CLERK REFERENCE ONLY