1999 ME 176

### In re ALLISON H.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.
Decided Nov. 29, 1999.

Gail F. Peabody, Orr's Island, for appellant.

Andrew Ketterer, Attorney General, Matthew Pollack, Asst. Attorney General, Lou Ann Clifford, Asst. Attorney General, Augusta, for appellee.

Peter Poyner, CASA, Georgetown, Guardian ad Litem.

Benet Pols, Brunswick, for father.

M. Michaela Murphy, Waterville, for intervenor.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1]    The mother of Allison H. appeals the judgment of the District Court (West Bath, *Field, J.*) terminating the parental rights of both parents following a four-day hearing.   In her appeal, the mother argues that there was insufficient evidence to support the court's findings, and that the court was precluded from adopting the conclusion included in the findings drafted by the Department of Human Services that she was unable to take responsibility for Allison.   We disagree and affirm the judgment.

[¶ 2]    DHS first became involved with Allison and her parents when Allison's mother fled the home with her after the father threatened to kill the eleven month old baby.   The father was eventually convicted of terrorizing the mother by threatening to kill their daughter.   The mother, however, later dismissed the protection from abuse order issued by the court following this incident and reunited with the father despite a warning by DHS that this would endanger Allison.

[¶ 3]    DHS filed a petition for a child protection order.   Relying on promises from the mother that she would abide by the court's order, the court granted her sole custody and ordered the father to have no contact with Allison.   The mother again reunited with the father, and DHS removed Allison from the mother's custody pursuant to a term in the child protection order.   Ultimately, Allison was placed with her maternal grandmother.   The father was subsequently arrested for assaulting the mother, and the couple eventually divorced.

[¶ 4]    The mother underwent a psychological evaluation and participated in counseling.   However, during this time she disappeared for a period of roughly a month and a half following a disagreement with Allison's grandmother.   She quit her job and vacated her apartment to move in with a man whom she had recently met.   She left no forwarding address.   Eventually, DHS located her through the license plate number of the man with whom she was living. The mother then agreed to resume

contact with Allison, as well as rehabilitation and reunification efforts.

[¶ 5] Following her psychological evaluation, her evaluators concluded that the mother was suffering from depression and displayed personality difficulties including narcissistic and passive-aggressive features. They also noted that the mother exhibited a number of significant risk factors for "parenting dysfunction." Additionally, the mother's counselor expressed concern over the mother's ability to provide a safe environment for Allison. She noted that the mother had issues with dependency that resulted in her placing her needs above those of Allison. The counselor stated that she did not think that it would be appropriate to place Allison in her mother's care. Observing that Allison had already been in the care of someone other than her parents for over half of her life, the court terminated the parental rights of the mother and father.

[¶ 6] We will affirm an order terminating parental rights "when a review of the entire record demonstrates that the trial court rationally could have found clear and convincing evidence in that record to support the necessary factual findings as to the bases for termination." *In re Denise M.*, 670 A.2d 390, 392 (Me. 1996). Contrary to the mother's contentions, there is sufficient evidence in the record to support the court's determination that she is unable or unwilling to protect Allison from jeopardy within a time frame reasonably calculated to meet Allison's needs, and the court rationally could have found by clear and convincing evidence that termination was in Allison's best interest. The mother has a history of placing her needs before those of her daughter that has resulted in threats to Allison's safety. Her counselor testified that she has made little progress in counseling regarding the problem areas in her life. Allison has been out of her parents' care for the majority of her life. Her mother has failed to make the changes necessary to remedy the situation and Allison cannot remain in an unstable situation indefinitely. The record supports the court's conclusions and resolution of the situation.

[¶ 7] The mother also challenges the portion of the court's order finding that she is unable or unwilling to take responsibility for Allison within a time that is reasonably calculated to meet Allison's needs. She argues that the court was precluded from adopting that portion of the order drafted by DHS, because the court did not include this specific finding in its otherwise extensive oral findings of fact following the termination hearing. Initially we note that, although it is not automatic error to adopt one party's proposed findings, *see Weeks v. Weeks,* 650 A.2d 945, 946 (Me.1994); *In re Sabrina M.,* 460 A.2d 1009, 1012 (Me.1983), we generally scrutinize such findings to insure that the court properly performed its judicial function. *See In re Sabrina M.,* 460 A.2d at 1012. No such scrutiny is merited in this case, however, as we are dealing with a different set of circumstances.

[¶ 8] We are not faced with a situation in which a court merely chose to adopt one set of proposed facts over another as its own. *Cf. In re Sabrina M.,* 460 A.2d at 1012. Rather, the court made its own extensive oral findings of fact at the conclusion of a four-day termination hearing. The oral findings reflect a careful weighing of the evidence, including specific determinations of credibility and relative weight. It is clear that the court in no way abdicated its role as the ultimate arbiter of fact. The court merely requested that one party, DHS in this case, prepare the order pursuant to the findings of fact it had *already* made.

[¶ 9] In this case, especially with respect to the court's findings regarding the mother, the findings of fact drafted by DHS are more closely a transcription of the court's own oral findings than a proposal. The court made specific oral findings that the mother was focused on her

**1000** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

own needs and not those of her child, that she had repeated excuses for not following through on her obligations, that she acted irresponsibly by moving in with her current boyfriend and severing contact with her child and DHS, that her current living situation was not a safe one for Allison, and noted her struggle in extricating herself from her abusive relationship with Allison's father. All of these findings are also included in the written findings drafted by DHS. The only finding with which the mother takes issue is the additional written finding that she is unable or unwilling to take responsibility for Allison.

[¶ 10] Although the court did make an oral finding that the mother was unable or unwilling to protect Allison from jeopardy, which is sufficient to support the termination of the mother's parental rights when coupled with the court's determination that termination was in Allison's best interest, *see* 22 M.R.S.A. § 4055(1)(B)(2)(b) (1992), it did not make the explicit oral finding that the mother was unable or unwilling to take responsibility for her. Not only is this conclusion supported by the court's oral findings of fact, however, but the absence of this finding would not affect the outcome. The court was justified in adopting this additional finding in the written order, but it was not necessary to support its decision made orally at the conclusion of the hearing.

[¶ 11] We can say with confidence in this case that the court more than adequately performed its judicial function. The court's conclusions following the hearing demonstrate an earnest consideration of the testimony and evidence before it. Its decision is supported by the record and it did not err by including the additional and nonessential determination regarding the mother's ability to take responsibility for Allison in its written order.

The entry is:
Judgment affirmed.