2002 ME 170

**In re MARPHEEN C. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 12, 2002.
Decided: Dec. 2, 2002.
Dec. 4, 2002.

James R. Bushell, Portland, for appellant.

G. Steven Rowe, Atty. Gen., Matthew Pollack, Sally H. DiMartini, Asst. Attys. Gen., Augusta, for appellee.

Kevin Heffernan, Portland, guardian ad litem.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] The mother appeals from a judgment of the District Court (Portland, *Eggert, J.*) terminating her parental rights to her four children pursuant to 22 M.R.S.A. §§ 4050–4057 (1992 & Supp.2001). Citing *In re Heather G.*, 2002 ME 151, 805 A.2d 249, the mother argues that the District Court failed to properly consider and critically assess all of her evidence and that the evidence before the court, properly considered, was insufficient to support its termination order. We affirm the judgment.

[¶ 2] The mother's principal complaints go to the choices the court made in assessing the evidence before it. Reviewing the record as a whole, there is no real question that there is sufficient evidence in the record to support the trial court's findings that: (1) the mother was unable to protect her children from jeopardy; (2) these circumstances were unlikely to change within a time reasonably calculated to meet the children's needs; (3) the mother was unable to take responsibility for the children within a time reasonably calculated to meet their needs; and (4) the termination of parental rights was in the best interest of the children. 22 M.R.S.A. § 4055(B)(2) (1992); *In re Charles G.*, 2001 ME 3, ¶¶ 5–10, 763 A.2d 1163, 1165–67.

[¶ 3] The mother principally argues that the court erred by not sufficiently considering her evidence, citing in support of this proposition, *Heather G.* However, *Heather G.* is not analogous to this case. *See* 2002 ME 151, 805 A.2d 249. The trial in *Heather G.* was heard on five different days over a ten-week period. *Id.* at ¶ 5, 805 A.2d at 250. In its findings, the court listed four of the dates on which the trial had occurred and then individually summarized the testimony of virtually all of the witnesses who testified on those dates, which were the dates on which the State's

evidence was presented. *Id.* at ¶¶ 10–11, 805 A.2d at 251–52. The findings did not list the date on which the mother's evidence was presented and it discussed none of the witnesses the mother presented. *Id.* at ¶ 11, 805 A.2d at 252. By indicating the dates of testimony and names of witnesses, the court's findings in *Heather G.* suggested that the court considered the evidence presented by the State but had not considered the evidence presented by the mother. *Id.* We determined from this approach to fact-finding that we could not be confident that the mother's evidence had been considered, while the clear and convincing evidence standard requires that the court consider all of the evidence before it. *Id.* at ¶ 8, 805 A.2d at 251.

[¶ 4] Our opinion in *Heather G.* was not a requirement or even a suggestion that, in their fact-findings in termination of parental rights cases, the trial courts need to individually list all of the witnesses. In fact, we have been critical of approaches to fact-finding that list and summarize the testimony of individual witnesses. *See Id.*, ¶¶ 9–10; *In re Kenneth H.*, 1997 ME 48, ¶ 3, 690 A.2d 984, 985.

[¶ 5] Any trial court must consider all properly admitted evidence. *Heather G.*, ¶ 9, 805 A.2d at 251; *State v. Likay*, 458 A.2d 427, 428–29 (Me.1983). The trial court must also apply its independent judgment to that evidence in reaching its findings and conclusions. *See In re Allison H.*, 1999 ME 176, ¶ 7, 740 A.2d 997, 999. In making its findings, the court is free to accept or reject the testimony of individual witnesses in whole or in part, and it is free to reject testimony that is not contradicted if it finds that testimony incredible. *Heather G.*, ¶ 9, 805 A.2d at 251; *In re Andrea W.*, 537 A.2d 596, 598 (Me. 1988); *In re Fleming*, 431 A.2d 616, 618 (Me.1981). A summary of individual witness's testimony is not necessary or even

desirable as part of this fact-finding process.

 [¶ 6] The District Court's decision in this case analyzed the case history, the mother's problems, their impacts on the children and the issues facing the mother and the children, in a historical and narrative fashion. It did not outline the testimony by summarizing the testimony of the individual witnesses. Rather, it referenced testimony and evidence presented by the State and presented by the mother only as appropriate in discussing its findings regarding parental unfitness and the best interests of the children. The court's discussion focused on its findings and conclusions without naming the witnesses whose testimony supported or related to those findings or conclusions. No error is demonstrated in this approach to fact-finding.

[¶ 7] The mother also complains that the District Court adopted several pages of findings purposed by the State without significant change. We have said that a verbatim adoption of findings proposed by one party in a case is disfavored, as such an approach suggests that the court has not applied its independent judgment in making its findings and conclusions. *In re Allison H.*, 1999 ME 176, ¶ 7, 740 A.2d at 999; *In re Sabrina M.*, 460 A.2d 1009, 1012 (Me.1983). At the same time, however, we recognize that fact-finding can be aided by parties submitting and trial courts considering and utilizing, where appropriate, draft findings of fact offered by either side. The key question is whether the court findings reflect the application of judgment by the court, and not simply one of the parties. Here, it is evident that the court developed its own order. It utilized the findings proposed by the State as a basis for a number of its findings, but at the same time it adjusted those findings and added other statements, making it evident that the resulting judgment is the result of the application of independent judicial thought to the process of making fact-findings and conclusions.

[¶ 8] Review of the record and the District Court's decision demonstrate that the court adequately considered all of the evidence presented by both sides and appropriately performed its judicial function in making its findings and conclusions based on that evidence. Those findings are fully supported by the evidence in the record.

The entry is:

Judgment affirmed.