MAINE SUPREME JUDICIAL COURT
Decision:    2015 ME 24
Docket:      Kno-14-256
Submitted
 On Briefs: February 26, 2015
Decided:     March 10, 2015

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

Reporter of Decisions

IN RE D.C. et al.

PER CURIAM

[¶1]  The father of D.C., M.E.C., and M.C. appeals from a judgment entered by the District Court (Rockland, *Worth, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055 (2014).  The father contends that the court erred in finding, by clear and convincing evidence, that he was unfit and that termination was in the children's best interest because the court relied on evidence of his fitness from June 2013 and earlier, but not on evidence he presented of his fitness at the time of the hearing.  We affirm.

[¶2]  The children were removed from their father's care in September 2011.  With the father's agreement, the court entered a jeopardy order in November 2011, finding jeopardy based upon incidents where one child was harmed and all three children were endangered by exposure to drugs and drug use by their parents and others in the home.  The Department of Health and Human Services filed a petition

2

for termination of the father's parental rights in June 2013, and a two-day hearing was held in April 2014.

[¶3]   At the termination hearing, the court heard competent evidence to support its findings that, between the time of the jeopardy order and the hearing, the father behaved in the following manner: He failed to refrain from abusing illegal substances; failed to appear for a significant number of scheduled drug screens from 2012-2014; tested positive at different times for bath salts, marijuana, and buprenorphine; and admitted to using bath salts, Dilaudid, morphine, and oxycodone in 2012 and 2013.  The father did not fully engage in substance abuse treatment, and he failed to refrain from criminal activity.  He also failed to maintain consistent, positive visitation with the children, appeared to be under the influence of substances at multiple visits, and was once arrested while visiting his children for being under the influence of substances.  He failed to engage with a local therapist to develop parenting skills, and failed to obtain and maintain safe and stable housing in a time reasonably calculated to meet the children's needs. Finally, he failed to work with the Department consistently, at times behaving in a threatening manner toward the caseworker and service providers, failing to keep in contact with the Department, and refusing to sign (or revoking already-signed) releases that would allow the Department to access his medical records and other important information.

[¶4]  Further, the court heard competent evidence that the oldest child has remained in the home in which he was first placed after he was removed from his father's care, is doing well, is having his needs met there, and considers it his home.  He wishes to stay there, and his current caretaker wishes to adopt him.  The younger two children are "high-needs children."  They will require a guardian who is "consistently available, thoughtful, mature, and sober," who can engage the children with the services and treatment they need, and who can "provide a stable and predictable home."  The record indicates that the father does not meet those criteria.  The younger children are welcome to stay in their current placement until a permanent home is found, and the Department has started to identify permanent homes for them.

[¶5]  Therefore, contrary to the father's contentions, there is clear and convincing evidence in the record to support the court's finding of at least one ground of parental unfitness.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv); *In re Michaela C.*, 2002 ME 159, ¶¶ 17, 21-23, 809 A.2d 1245.  Further, unlike in *In re Heather G.*, 2002 ME 151, ¶¶ 10-11, 805 A.2d 249, which the father cites as support for his argument, here the trial court expressly considered the father's evidence, and at times even explained what his evidence signified to the court or why evidence that would otherwise support the father's case was not necessarily reliable.  The record in no way suggests that the trial court failed to critically assess

4

the evidence before it, but rather supports the court's findings and conclusions. *See In re Marpheen C.*, 2002 ME 170, ¶¶ 3, 5, 812 A.2d 972.

[¶6] Finally, there was ample evidence in the record that termination of the father's rights was in the children's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re C.P.*, 2013 ME 57, ¶¶ 19-20, 67 A.3d 558.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Scott F. Hess, Esq., Law Office of Scott F. Hess, LLC, Augusta, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Heath and Human Services

Rockland District Court docket number PC-2011-17
FOR CLERK REFERENCE ONLY