MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 151
Docket:        Yor-17-44
Submitted
 On Briefs:    June 29, 2017
Decided:       July 11, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE MATHEW H. et al.

MEAD, J.

[¶1] The father of Mathew H. and Kamron H. appeals from a judgment entered by the District Court (Biddeford, *Janelle, J.*) terminating his parental rights to the children pursuant to 22 M.R.S. § 4055(1)(B)(2) (2016).[1] He challenges the court's finding by clear and convincing evidence that he is unfit and its finding that termination of his parental rights is in the children's best interest. Additionally, he contends that the court erred in not treating his former wife as the children's de facto parent and in determining that the permanency plan for the children would be adoption, not a permanency guardianship. Finally, he asserts that the guardian ad litem failed to perform her statutorily-required duties by not meeting with him individually. Because the evidence supports the court's factual findings and discretionary

---

[1] The boys' mother, who has had five children, all born drug affected, was previously found to have abandoned the boys and is not a party to this appeal.

2

determinations, and because we conclude that the father's other contentions are not persuasive, we affirm the judgment.

A.    Sufficiency of the Evidence

[¶2]    Applying the statute, the court found by clear and convincing evidence that the father (1) is unwilling or unable to protect the children from jeopardy within a time reasonably calculated to meet their needs, (2) is unwilling or unable to take responsibility for them within that timeframe, and (3) failed to make a good faith effort to rehabilitate and reunify with the children.   *See* 22 M.R.S. § 4055(1)(B)(2)(b).   The court then found that termination of the father's parental rights is in the children's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a).  We review the factual findings supporting the unfitness determination for clear error, *see In re Logan M.*, 2017 ME 23, ¶ 3, 155 A.3d 430, and apply the same standard to the factual findings supporting the best interest determination, although we review the court's ultimate conclusion that termination is in the children's best interest "for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens," and giving the court's judgment "substantial deference," *In re Caleb M.*, 2017 ME 66, ¶ 33, 159 A.3d 345 (quotation marks omitted).

[¶3]  Here, the court's factual findings are supported by competent evidence in the record and are therefore not clearly erroneous.  *See In re M.B.*, 2013 ME 46, ¶ 40, 65 A.3d 1260.  In determining that the father is an unfit parent, the court found, by clear and convincing evidence, that the father's incarceration until at least July 2017 means that reunification could not conceivably begin until that time.  The court concluded, based on the testimony of mental health experts at the hearing, that "[the children] are very damaged and it is going to take a long time to repair the damage.  If everything goes well, they may adapt in adolescence, or it may take until adulthood until they overcome the damage."  If attempted, reunification "would take a significant amount of additional work to get to the point where [the father] might possibly be able to have a relationship with the children due to their diagnoses. . . . The children have been suffering daily for a long time and deserve permanency today . . . ."

[¶4]  The court also cited the father's significant criminal history; his history of substance abuse, including the use of an illegal drug in December 2015 while he was incarcerated, which delayed his release date and thus any opportunity to care for the children; and his inconsistent communication with the children.

4

[¶5]   The court further found, again by clear and convincing evidence, that the children's best interest required termination because "[t]he Court heard over and over again through the testimony of service providers and the caregiver that [the children] need: permanency, predictability and knowledge of where they are going to live permanently." The medical experts "emphasized the need for [the children] to continue to be in a permanent, stable and consistent environment in order to continue the healing process," and a psychological evaluation noted that in the case of one of the children's most serious mental health diagnoses, "it is typically much harder to repair attachment dysfunction when attempted by a parent figure who is implicated in creating the initial damage." Although the court recognized the father's "commendable" participation in programs offered at the Maine State Prison, it concluded that "it is simply not enough for these children who need permanency now. . . . It is too long to ask [them] to wait."

[¶6]   For the same reasons, the court rejected the father's proposal of a permanency guardianship—which the foster mother, the guardian ad litem, and the Department all opposed—finding that

> [d]espite the name, a Permanency Guardianship in this matter would not offer real, lasting permanency for [the children]. . . . It may be preferable to the parent, but a Permanency Guardianship is not in the best interests of [these children] due to the history of the

case and their significant diagnoses. It has been reiterated through the testimony of the professionals and the caregiver that it is critical that [the children] need to know what the future is going to look like permanently. It is also critical for [their] continued well-being that their permanent home be reliable and dependable.

The court's determination that a permanency guardianship is not an appropriate disposition in this case falls well within its discretion. *See In re David W.*, 2010 ME 119, ¶¶ 6-10, 8 A.3d 673; *In re C.P.*, 2016 ME 18, ¶ 34, 132 A.3d 174.

[¶7] In sum, the court's supported findings explaining why the father cannot protect the children from jeopardy within the time required by statute and why the children's best interest requires termination are sufficient to support the judgment.

B.    Other Issues

[¶8] The father finally contends that his former wife, who had been inadequately caring for the children when they were taken into custody, should have been found to be the children's de facto parent and afforded counsel in this matter, *see* 19-A M.R.S. § 1891 (2016), and that the court's judgment is invalid because the guardian ad litem allegedly did not perform her statutorily-required duty to interview him "when possible and appropriate," *see* 22 M.R.S. § 4005(1)(B)(5) (2016). Neither claim was raised in the trial court and the

6

father's former wife made no request to intervene in the case; therefore, on this record, we conclude that neither contention requires further discussion. *See Karamanoglu v. Gourlaouen*, 2016 ME 86, ¶ 28, 140 A.3d 1249 (stating that failure to raise an argument in the trial court limits appellate review to obvious error); *In re Kaleb C.*, 2002 ME 65, ¶ 4 n.2, 795 A.2d 71 (affirming the judgment despite the guardian ad litem's deficient performance because "the deficiencies . . . did not affect the result in this case").

The entry is:

Judgment affirmed.

---

Brittany Sawyer, Esq., Holmes Legal Group, LLC, Wells, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2015-25
FOR CLERK REFERENCE ONLY