MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2018 ME 134
Docket:        Yor-18-71
Submitted
  On Briefs:   September 26, 2018
Decided:       October 4, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE CHILD OF KIMBERLEE C.


PER CURIAM

[¶1]   Kimberlee C. appeals from a judgment of the District Court (Springvale, *Foster*, *J.*) terminating her parental rights to her youngest child.[1] She argues that there is insufficient evidence to support the court's finding of parental unfitness and that she received ineffective assistance of counsel during the hearing on the termination of her parental rights.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   The Department of Health and Human Services filed a child protection petition with respect to six of the mother's children, including the

---

[1]  The mother's parental rights to six of her seven children were terminated together; however, she only appeals the termination of her rights as to her youngest child.  The child's father consented to the termination of his parental rights and is not a party to the appeal.  The mother's oldest child, age thirteen, was placed with his father in Connecticut at the time the petition was filed and, therefore, was not a subject of the ongoing case.  The older children are discussed only insofar as they affect the child at issue in this appeal.

youngest child, in February 2016, when the youngest child was three years old. 22 M.R.S. § 4032 (2017). The Department alleged that the mother, who had a history of mental health and substance abuse issues, was unable to provide safe and sanitary housing for herself and the children and was unable to manage the behavioral health needs of her children. On May 11, 2016, the court (*Foster, J.*) entered a jeopardy order, with the parties' agreement, that placed the children, including the youngest, in the custody of the Department.

[¶3] The Department petitioned for termination of the mother's parental rights on January 19, 2017. After a two-day testimonial hearing, by judgment dated February 1, 2018, the court terminated the mother's parental rights. *See* 22 M.R.S. § 4055(1)(B)(2) (2017). The court made the following findings of fact, which are supported by competent record evidence. *See id.*; *In re A.M.*, 2012 ME 118, ¶ 29, 55 A.3d 463.

> After 2013 or so, [the mother] was the single parent of seven children, ranging in age from eleven years to less than one year old.
>
> [The mother] was not particularly well-suited to the task at hand. She has long-standing mental health issues that she has attempted to address through counseling. . . . She also developed a substance abuse problem around the time [the five-year-old twins] were born, using opiates and pain medications. After [her youngest child] was born, she added intravenous heroin use to her list of behaviors.
>
> . . . .

. . . The disclosures [that the children made about life in the mother's household] are overwhelming[ly] consistent over time and among the children; they have been made to caseworkers, foster parents, therapists and Child Advocacy Center interviewers. . . . Although all of these children have shared many of the same experiences, they have experienced them in different ways and responded in their own fashion. . . . [The youngest child] may have seen even less but was the subject of direct abuse by [a sibling]. The effect of that abuse, if any, is not yet known.

. . . .

It is clear that [the mother] has made sincere efforts to reunify with her children. She has participated in reunification and rehabilitation services recommended by the Department. She attended individual mental health counseling with [a counselor] for approximately one year but was unable to work on her own trauma history or make much headway on the issue of domestic violence. . . . The topic of [the mother's] complicity in the extensive abuse her children suffered has not yet been raised in therapy.

[The mother] also periodically participated in substance abuse treatment. It was not a smooth process.

. . . .

Ultimately, however, the [c]ourt returns to [the neuropsychologist's] recommendation that any decision about reunification begin with an assessment of [the mother's] capabilities and the likelihood of success. . . . [The mother] does not have a history of healthy attachments to her parents or her partners. She has virtually no support network of family or friends. She has not been employed on a steady basis. She has struggled with substance abuse and mental health issues for many years, and been in and out of treatment programs. She has yet to address her own mental health issues. [The mother] has none of the indicia

listed by [the neuropsychologist] as predictive of success in resuming healthy parenting of her children.

These children are stuck. They cannot go home; their mother is totally unprepared to manage their behaviors, respond to their accusations and reassure them of their safety.

[¶4] Based on these findings, the court found that the mother, despite her efforts, remains unable to protect the youngest child from jeopardy or take responsibility for the child within a time that is reasonably calculated to meet the child's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii) (2017); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. The mother appeals. *See* 22 M.R.S. § 4006.

## II. DISCUSSION

[¶5] The mother makes two arguments on appeal. First, she challenges the sufficiency of the evidence supporting the termination of her parental rights to the child. She argues that the court relied on speculative, unchallenged testimony from the Department's expert witness, a neuropsychologist, to find that the child was the subject of abuse at the hands of his siblings and that his mother failed to prevent this abuse. We review the District Court's findings of fact for clear error. *In re Logan M.* 2017 ME 23, ¶ 3, 155 A.3d 430. "Deference is paid to [the District Court's] superior perspective for evaluating the weight and credibility of evidence." *In re Scott S*. 2001 ME 114, ¶ 10, 775 A.2d 1144

(quoting *In re Leona T.*, 609 A.2d 1157, 1158 (Me. 1992)); *see also Dyer v. Superintendent of Ins.*, 2013 ME 61, ¶ 12, 69 A.3d 416. There is sufficient evidence to support each of these findings with regard to the specific abuse suffered by the child. The court, therefore, did not err in its conclusion that the mother was unable to protect the child from jeopardy or take responsibility for him within a time that is reasonably calculated to meet the child's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195.

[¶6] Second, the mother raises a claim that her counsel at the termination proceeding was ineffective.[2] A parent claiming ineffective assistance of counsel in a termination proceeding must demonstrate that (1) "counsel's performance was deficient, i.e., that there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance . . . below what might be expected from an ordinary fallible attorney," and (2) the parent was "prejudiced by the attorney's deficient performance in that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced

---

[2] A parent may properly claim ineffective assistance of counsel in a termination proceeding on direct appeal from the termination judgment where "the record does not need to be supplemented to support her claim." *In re M.P.*, 2015 ME 138, ¶ 27, 126 A.3d 718.

6

a just result." *In re M.P.*, 2015 ME 138, ¶ 27, 126 A.3d 718 (quotation marks and citations omitted). Although the mother argues that her attorney failed to provide adequate assistance directly before and during the termination of parental rights hearing, the mother has failed to make a prima facie showing of ineffective assistance of counsel as is required. *See id.* Contrary to the mother's arguments, her attorney made several objections, including at least one objection sustained by the court, and elicited testimony regarding the mother's participation in substance abuse treatment and mental health counseling. Moreover, her attorney rigorously cross-examined each witness, some multiple times, and the mother had the opportunity to testify on her own behalf and did so. Nothing in the record suggests that her attorney's performance fell "below what might be expected from an ordinary fallible attorney" or that she was prejudiced by her attorney's performance such that the trial "cannot be relied on as having produced a just result." *In re Child of Stephen E.*, 2018 ME 71, ¶ 13, 186 A.3d 134.

The entry is:

Judgment affirmed.

Roger M. Champagne, Esq., Law Office of Roger M. Champagne, LLC, Biddeford, for appellant Mother

Janet T. Mills, Attorney General and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Springvale District Court docket number PC-2016-10
FOR CLERK REFERENCE ONLY