MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2018 ME 133
Docket:         Sag-18-121
Submitted
  On Briefs:    September 26, 2018
Decided:        October 4, 2018

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## IN RE CHILD OF CHRISTINE M.

PER CURIAM

[¶1]  Christine M. appeals from a judgment of the District Court (West Bath, *Mathews, J.*) terminating her parental rights to her child.[1]  She argues that the record fails to support the court's findings that she is an unfit parent and that termination is in the best interest of the child.  She also asserts that the Department of Health and Human Services failed to make reasonable efforts to reunify the family.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  In March of 2017, just ten days after this child—the mother's fourth[2]—was born, the Department filed a child protection petition and a request for a preliminary protection order, alleging that the mother had a

---

[1]  The child's biological father is, at this time, unknown.

[2]  The mother has three older children; she agreed to orders giving custody of two children to their respective fathers and consented to a termination of parental rights regarding the other child.

history of substance abuse and mental health issues, and that she failed to access adequate prenatal care. *See* 22 M.R.S. §§ 4032, 4034(1) (2017). The District Court (*Dobson, J.*) entered a preliminary protection order, placing the child in the Department's custody. *See* 22 M.R.S. § 4034(2) (2017). The mother waived her right to a summary preliminary hearing. *See* 22 M.R.S. § 4034(3), (4) (2017).

[¶3] In June of 2017, the District Court entered a jeopardy order with the mother's agreement, finding jeopardy to the child based on her history of substance abuse and mental illness, her failure to seek adequate prenatal care, and her past history with the Department. *See* 22 M.R.S. §§ 4035, 4036(1) (2017). In November of 2017, the Department filed a petition for termination of parental rights, alleging that the mother stopped attending her mental health counseling, failed to participate in drug testing, and stopped visiting with her child—requirements of the dispositional agreement in the jeopardy order. *See* 22 M.R.S. § 4052 (2017). After a testimonial hearing, the court (*Mathews, J.*), by order entered March 12, made the following findings of fact, which are supported by competent record evidence. *See* 22 M.R.S. § 4054 (2017).

1. [The mother] ceased all counseling in July of 2017 and thereafter failed to involve herself in any counseling for the issues identified in the Jeopardy Order.

. . . .

2. [The mother] last visited [the child] on August 3, 2017. She has not seen this soon to be one-year old child for seven months.

3. [The mother] has missed all her drug screen tests since the Jeopardy Order was entered.

. . . .

4. [The mother] has failed to engage with the Department in accomplishing any of the goals of reunification since the Jeopardy Order was entered.

5. [The mother] explains her lack of visitation and the failure to attend counseling as a failure of the Department to provide transportation. The Court does not find her explanation believable.

6. [The mother] explains her failure to take the drug screen tests as the Department's scheduling the dates when she had her other children in care. The Court does not find her explanation believable.

. . . .

. . . The child was placed with the foster care parents when he was ten days old. As a result, little bonding between mother and child has occurred. Mother was provided a telephone number by the foster care mother and encouraged to call and arrange visitation. She has not contacted the foster care mother in the last seven months. Mother has failed completely to engage with the Department and perform any of the required acts anticipated by the Jeopardy Order and Reunification Plan. She is not at this time in any different position [than] at the time of the June 2017 Jeopardy Order.

. . . .

. . . [The child] needs a permanent home and waiting for [the mother] to address her issues and create a bonded relationship after she has failed to do anything in the last seven months is not in his best interest.

[¶4] Based on these findings, the court determined that the mother is unwilling or unable to protect the child from jeopardy within a time that is reasonably calculated to meet the child's needs, that she is unwilling or unable to take responsibility for the child within a time that is reasonably calculated to meet the child's needs, and that she failed to make a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv) (2017). The court also concluded that termination of the mother's parental rights was in the child's best interest and thus terminated the mother's parental rights. *See* 22 M.R.S. § 4055(1) (2017). The mother timely appealed. *See* 22 M.R.S. § 4006 (2017); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] The mother argues on appeal that the record fails to support the court's findings that she is an unfit parent and that termination of her parental rights is in the child's best interest. She also asserts that the Department failed to make reasonable efforts to reunify the family.

[¶6]  To terminate parental rights, a trial court must first find one of the four statutory bases of parental unfitness in 22 M.R.S. § 4055(1)(B)(2)(b), and then it must consider the best interest of the child.  *In re Scott S.*, 2001 ME 114, ¶¶ 19-21, 775 A.2d 1144.  We have said that "[w]here the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence."  *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260.  Clear and convincing evidence is that evidence from which the court "could reasonably have been persuaded that the required factual findings were proved to be highly probable."  *In re David G.*, 659 A.2d 859, 861 (Me. 1995) (quotation marks omitted).  We review the court's factual findings of parental unfitness and of a child's best interest for clear error while reviewing its ultimate conclusion on best interest for an abuse of discretion. *In re Mathew H.*, 2017 ME 151, ¶ 2, 167 A.3d 561.

[¶7]  The District Court's factual findings—that the mother stopped drug screenings, mental health counseling, and visits to her child—are supported by competent evidence in the record.  *See In re David G.*, 659 A.2d at 861 ("If there is rational or competent support in the record for the trial court's findings, this Court must sustain them.").  We further conclude that the court did not abuse its discretion in finding that termination of the mother's parental rights was in

the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Mathew H.*, 2017 ME 151, ¶ 2, 167 A.3d 561. Finally, the record supports the court's finding that the Department made a good faith effort to reunify the mother and child and that the mother repeatedly failed to follow the reunification plan. *See In re Sara K.*, 611 A.2d 71, 75 (Me. 1992) (explaining that although the Department and the parent have a shared responsibility to make good faith efforts to reunify the family, "the Department is not charged with the duty of persisting in efforts that can only be destined for failure").

[¶8] Because competent evidence exists to support the court's finding of parental unfitness and the finding that termination of parental rights is in the child's best interest, and because the court did not abuse its discretion in its best-interest determination, we affirm the judgment terminating the mother's parental rights.

The entry is:

Judgment affirmed.

---

Jennifer A. Davis, Esq., Law Office of Jennifer A. Davis, Topsham, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

West Bath District Court docket number PC-2017-3
FOR CLERK REFERENCE ONLY