MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2018 ME 150
Docket:       Han-18-95
Submitted
  On Briefs:  September 26, 2018
Decided:      November 13, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

# IN RE CHILD OF TROY C.

PER CURIAM

[¶1]  The mother and father of the child appeal from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating their parental rights to their son pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(iv) (2017). The father contends that the court erred in its parental unfitness finding and that he was denied due process.  The mother contends that the court erred in its determination that termination of her parental rights is in the best interest of the child.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts, which are supported by the evidence, are drawn from the court's judgment and the procedural record.  *See In re Dominyk T.*, 2017 ME 222, ¶ 5, 173 A.3d 1065.

[¶3]  The Department of Health and Human Services (the Department) became involved with this family in February 2015 following reports of

2

domestic violence and substance abuse. On the Department's petition, the court (*Mallonee, J.*) issued a preliminary protection order on February 20, 2015. After the opportunity for a summary preliminary hearing, the court awarded the father custody of the child with several conditions imposed, including that the father participate in a substance abuse assessment and education program, and that the father have no contact with the mother in the child's presence.

[¶4]  The court returned the child to the Department's custody in April 2015, following the Department's second request for a preliminary protection order, in which the Department alleged that the child was present in the father's home when the mother assaulted the father.

[¶5]  The Department petitioned to terminate both parents' parental rights on March 10, 2016. Following a hearing, the court (*Roberts, J.*) denied the petition. In denying the petition, the court found that the mother, who had been unable to provide care of the child for nine months due to substance abuse, met all four statutory definitions of parental unfitness. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv). Based on evidence that he had not attended medical appointments and had missed several scheduled visits with the child, the court found that the father had not made a good faith effort to rehabilitate and reunify with the child. *See* 22 M.R.S. § 4041(1-A)(B) (2017). The court also

found that the father did not understand the risk that the mother's substance abuse posed to the child. Nevertheless, because the court found that the Department had not given the father "a clear indication of the steps he must take to rehabilitate and reunify," the court did not find that the father was unfit. The court denied the Department's petition with respect to both parents, determining that it would not be in the child's best interest to terminate the mother's parental rights when reunification with the father remained a possibility.

[¶6] The court, therefore, denied the petition for termination and issued a judicial review order clearly setting out the responsibilities of the father in the upcoming reunification process. The court ordered that the father "shall participate in random drug screening and abstain from use of any non-prescribed mood altering substances; . . . [and] shall participate in an updated substance abuse evaluation and follow all recommendations." Following this order, the Department sent several letters to the father expressing concerns about positive results on drug tests.

[¶7] On June 19, 2017, the Department filed a second petition for termination of parental rights. Following a two-day hearing, the court made

4

the following findings of fact, all of which are supported by competent evidence

in the record:

> [The mother's] relationship with [the father] was marred by domestic violence to a degree which would jeopardize [the child's] safety. [The mother] was unable to provide safe care for [the child] for a period of 9 months preceding the first Termination hearing due to substance abuse. . . . [The mother] acknowledges that she is unable to provide for [the child] at this time. . . .
>
> . . . .
>
> [The father] began counseling . . . in April of 2017. . . .
>
> . . . Unfortunately, [the father] was discharged from [counseling] on July 19, 2017, due to repeated, unexcused absences.
>
> . . . He has not demonstrated an understanding of the impact his drug usage will have on [the child].
>
> . . . .
>
> . . . [The father] deserves credit . . . . He has recently purchased a new home suitable for [the child's] care. [He] has been responsive in counseling . . . , aside from the substance abuse issues. He is making progress. . . .
>
> The difficulty for the parents is one of timing. [The child] is 4 ½ years old. . . . He is smart and articulate and wants to know where he will be living permanently. He cannot continue to wait for his parents to do all the things necessary to set up a stable, consistent and safe life. [The child] has established a strong bond [in his current placement and] is very happy in [that] home. He needs a permanent home now. This is a particularly troubling case because it is clear to this court that [the parents] love [the child] dearly. Despite that love, they are unable to take full responsibility

for [the child] at this time. The Court does not believe that they will be able to take responsibility for him within a time reasonably calculated to meet his needs.

. . . .

Finally, the Court finds that it is in the best interest of [the child] that the parental rights be terminated so as to allow [adoption]. The Court has considered the parents' proposal that a permanency guardianship would be in [the child's] best interest. The Court disagrees. [The child] has been asking where he will go permanently for some time now. He needs to have a definitive answer to his question. A guardianship cannot give [the child] the permanency that he needs.

Based on these findings and others, the court entered an order terminating both parents' parental rights, with a permanency plan of adoption. The parents timely appealed. *See* M.R. App. P. 2B(c).

## II. DISCUSSION

[¶8] The father challenges the sufficiency of the evidence to support the court's unfitness findings, and he contends that he was denied due process because he was not notified that his use of unprescribed drugs would be considered in making a determination regarding his parental unfitness. The mother does not challenge the court's findings of unfitness as to her, but she contends that the court erred in its determination that termination of her parental rights is in the child's best interest. We review the court's factual findings related to parental unfitness and the best interest of the child for clear

6

error, and we review the ultimate decision to terminate parental rights for an abuse of discretion. *See In re Child of Ronald W.*, 2018 ME 107, ¶ 6, 190 A.3d 1029.

A.    Termination of the Father's Parental Rights

[¶9]  The father contends that the court improperly overlooked evidence in the record demonstrating that he made significant steps toward reunification.  Contrary to the father's contention, however, the court expressly acknowledged the father's progress.  Determinations regarding the weight and credibility to be assigned to evidence are squarely within the court's province as fact-finder. *See In re Cameron B.*, 2017 ME 18, ¶ 10, 154 A.3d 1199.  There was competent evidence to support the court's findings of unfitness as to the father.[1]

[¶10]  The father also argues that the termination order should be vacated because he was denied due process of law when the court based its findings of unfitness, in part, on his unprescribed use of prescription drugs as stimulants—a factor that was not listed in the jeopardy order.[2]

---

[1] Although she does not challenge the findings, there was also competent evidence in the record to support the court's findings of unfitness with respect to the mother.

[2] Although this was clearly a topic of focus during the two-day hearing, the father did not object at any time to consideration of his drug use.

[¶11]  As a factual matter, the father is incorrect in his assertion that he was not notified that he was expected to abstain from drug use.  Both the court and the Department expressly notified the father that his use of substances needed to be addressed as part of his rehabilitation and reunification, and the Department's second petition for termination of parental rights identifies the father's drug usage and missed tests as an issue.[3]  Moreover, we have never held that the bases for a finding of parental unfitness must be limited to the issues expressly identified in a jeopardy order.  *Cf. In re Child of James R.*, 2018 ME 50, ¶ 19, 182 A.3d 1252 ("[T]he basis for a termination determination is not artificially limited to circumstances, frozen in time, that existed at some earlier date.").  The court therefore did not err in considering evidence of the father's drug usage.

B.      Termination of the Mother's Parental Rights

[¶12]  The mother's sole contention is that the court abused its discretion when it decided to terminate her parental rights instead of ordering a permanency guardianship.  She contends that, given that the child was residing

---

[3]  Moreover, the court found, based on competent evidence, that the father had been inconsistent in his representations regarding his own substance use, rendering it difficult for the court or the Department to understand the scope of the father's challenges.

8

with the mother's relatives and the mother was no longer incarcerated and had attained sobriety, a permanency guardianship was in the child's best interest.

[¶13] "In determining the appropriate permanency plan, it is the policy in this State that permanency plans for children, who are the subject of protection proceedings, be implemented so that children will have stability and certainty." *In re David W.*, 2010 ME 119, ¶ 8, 8 A.3d 673 (quotation marks omitted); *see also* 22 M.R.S. § 4038-C (2017). The court here found that this child has clearly expressed a need for the permanency that would be provided by an adoption. The court did not abuse its discretion in its determination that termination of the mother's parental rights, with a permanency plan of adoption, is in the child's best interest.

The entry is:

> Judgment affirmed.

---

Christopher J. Whalley, Esq., Ellsworth, for appellant father

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2015-10
FOR CLERK REFERENCE ONLY