MAINE SUPREME JUDICIAL COURT                            Reporter of Decisions
Decision:     2019 ME 9
Docket:       Som-18-302
Submitted
  On Briefs: January 17, 2019
Decided:      January 24, 2019

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CHILDREN OF CRYSTAL G.


PER CURIAM

[¶1]  Crystal G. appeals from a judgment entered by the District Court (Skowhegan, *Benson, J.*) terminating her parental rights to four of her children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii), (iv) (2017).[1] She contends that her counsel at the termination hearing was constitutionally ineffective in (1) failing to move for the trial judge to recuse on the ground that he also oversaw the domestic violence docket in which the mother participated and (2) failing to move for further findings of fact after the court adopted verbatim most of the Department of Health and Human Services's proposed findings in its judgment terminating her parental rights.  The mother further contends that some of the court's findings are not supported by the record and

---

[1]  The fathers of the children had their parental rights terminated by separate judgments.  The fathers of three of the children did not appeal, and the appeal of the father of the fourth child is proceeding separately.

2

that the court erred in making a credibility determination concerning one of the mother's witnesses. We affirm the judgment.

A.     Recusal

[¶2]  Contrary to the mother's contention that her counsel was per se ineffective in failing to move for the trial judge's recusal in the termination case because he also oversaw the domestic violence docket[2] in which she was a participant, recusal in that circumstance is not automatically required in order to avoid the appearance of bias.[3] *See* M. Code Jud. Conduct R. 2.11(A) ("[a] judge shall . . . recuse . . . in any proceeding in which the judge's impartiality might reasonably be questioned"); *State v. Atwood*, 2010 ME 12, ¶ 21, 988 A.2d 981.

[¶3]  As an initial matter, before the mother testified at the hearing her counsel did move for the judge to recuse on the ground that evidence the court heard in the termination proceeding might prejudice her in her criminal case. The court declined to recuse based on evidence it had not yet heard, ruling that

---

[2]  A 2015 report prepared for the Judicial Branch explained that "[i]n Maine, domestic violence dockets are scheduled separately from traditional judicial hearings. The model includes a consistent judge focusing on the perpetrators' compliance with conditions of probation, including participation in a Batterer Intervention Program, fulfilling child support responsibilities, and engaging in ancillary services such as substance abuse treatment." Hornby Zeller Assocs., Inc., *Domestic Violence Docket, Process and Recidivism Report* at i (Sept. 22, 2015), Me. Judicial Branch website/Reports (last visited Jan. 23, 2019).

[3]  The mother does not assert that the trial judge harbored an actual prejudice against her, only that these circumstances unavoidably gave the appearance that the judge might not be impartial.

if recusal were required at all it would be required in the criminal matter, not the child protective matter. *See Atwood*, 2010 ME 12, ¶ 20, 988 A.2d 981 (stating that "recusal is a matter within the broad discretion of the trial court" (quotation marks omitted)).

[¶4] In any event, we have recognized that "rulings against a litigant or knowledge gained by a judge in a prior or related court proceeding, including impressions of a litigant's personal history or credibility, are not sufficient grounds to recuse a judge in a subsequent matter." *In re Nadeau*, 2018 ME 18, ¶ 15, 178 A.3d 495. Absent a showing that the trial judge in this case could not be impartial, or reasonably be seen to be impartial, because of particular information he had learned in the criminal matter, the mother's "mere belief that [the] judge might not be completely impartial is insufficient to warrant recusal." *Atwood*, 2010 ME 12, ¶ 21, 988 A.2d 981 (quotation marks omitted). Because the mother's argument rests on an incorrect assertion that the trial judge in this case was required to recuse solely because he also oversaw her case in the domestic violence docket, she has not demonstrated that her counsel was deficient in failing to seek recusal on that ground and therefore has "failed to make a prima facie showing of ineffective assistance of counsel as is

4

required."[4]  *In re Child of Kimberlee C.*, 2018 ME 134, ¶ 6, 194 A.3d 925; *see In re Tyrel L.*, 2017 ME 212, ¶ 8, 172 A.3d 916.

B.    Factual Findings

[¶5]  The mother next asserts that her counsel was ineffective in failing to move for further findings because (1) the court's findings, largely adopting those proposed by the Department, demonstrate that it did not exercise independent judgment in making its findings; and (2) certain of the court's findings were not supported by the record.

[¶6]  We have said that "[a]lthough a verbatim adoption of the language of a proposed order or an adoption absent material change is disfavored because it would suggest that the court has not applied its independent judgment in making its findings and conclusions, courts may properly request and consider proposed orders from parties in crafting an order."  *In re Zoey H.*, 2017 ME 159, ¶ 6, 167 A.3d 1260 (alteration and quotation marks omitted); *see In re Marpheen C.*, 2002 ME 170, ¶ 7, 812 A.2d 972 ("[W]e recognize that fact-finding can be aided by parties submitting and trial courts considering and utilizing, where appropriate, draft findings of fact offered by either side.  The

---

[4]  The mother has filed the affidavit required before we will review the existing record to see if it supports a prima facie claim of ineffective assistance of counsel.  *See In re Tyrel L.*, 2017 ME 212, ¶ 8, 172 A.3d 916.

key question is whether the court findings reflect the application of judgment by the court, and not simply one of the parties.").

[¶7] Here, the court requested and received proposed findings from both parties. Although the court adopted most of the Department's proposed findings verbatim, we are satisfied that the alterations in the court's termination order—most significantly the credibility determinations it made concerning particular witnesses and the mother herself—demonstrate "that the judgment is the result of the application of independent judicial thought to the process of making fact-findings and conclusions." *In re Zoey H.*, 2017 ME 159, ¶ 6, 167 A.3d 1260 (alteration and quotation marks omitted).

[¶8] The mother also contends that her hearing counsel was ineffective in failing to challenge certain findings the court made that were unsupported by the record. She does not argue that the evidence as a whole was otherwise insufficient to support the court's judgment—stating that "[s]ufficiency of the evidence isn't the point"—but rather highlights the unsupported findings as an indication that her counsel was ineffective in failing to contest them and that the court failed to exercise independent scrutiny when it accepted them. If the court adopted some findings without record support, the mother reasons, then all of its findings are called into question.

6

[¶9]   Here, contrary to the mother's contention, the findings that she identifies have some record support; beyond that, the weight to be accorded them was within the province of the trial court as fact-finder.[5] *See In re Child of Kimberlee C.*, 2018 ME 134, ¶ 5, 194 A.3d 925 ("We review the District Court's findings of fact for clear error.  Deference is paid to the District Court's superior perspective for evaluating the weight and credibility of evidence." (alteration, citation, and quotation marks omitted)).  We therefore conclude that the absence of a motion for further findings does not make out a prima facie case of ineffective assistance on the part of the mother's hearing counsel.

C.    Credibility Determination

[¶10]   Finally, the mother argues that the trial court made an adverse credibility determination concerning one of her witnesses after taking

---

[5]   The mother faults two substantive, detailed findings that were apparently drawn from the Department's termination petitions.  Although she is correct in asserting that neither has record support for all of its details, their essence is supported.  Concerning the court's finding regarding the mother's medication management compliance, the caseworker testified that a note in the Department's file indicated that the provider had requested that the mother report to him within six weeks due to a positive screen, and the caseworker did not believe that she had done so.  Concerning a finding that in November 2017 the mother was arrested "following a domestic violence incident where she was found to have been the perpetrator"—which could be read to mean that the law enforcement officer reached that conclusion, leading to the mother's arrest—the guardian ad litem's report referenced the incident and the mother admitted that it occurred, although she denied that she was the aggressor.  *See In re Child of Troy C.*, 2018 ME 150, ¶ 9, 196 A.3d 452 ("Determinations regarding the weight and credibility to be assigned to evidence are squarely within the court's province as fact-finder.").  We conclude that given the court's termination judgment viewed as a whole, the factual errors are harmless.  *See In re Child of Ronald W.*, 2018 ME 107, ¶ 7 n.2, 190 A.3d 1029 ("A factual error in a child protection order is harmless if it is highly probable that the error did not prejudice the parents or contribute to the result in the case." (quotation marks omitted)).

improper judicial notice of two other child protective cases in which the witness had been involved. When the Department requested that the court judicially notice the unrelated matters at the hearing—a request to which the mother did not object—the court gave no indication that it would do so; its termination judgment did not list the matters among those that it was noticing, and we therefore conclude that the court did not rely on that evidence in support of its termination determination, *see* M.R. Civ. P. 52(a); and the judgment did not discuss the witness, either favorably or unfavorably. Consequently, there is no error on this record. *See In re Child of Kaysean M.*, 2018 ME 156, ¶ 8, --- A.3d --- (stating that when a party "objects to . . . evidence for the first time on appeal, we apply the obvious error standard of review" (alteration and quotation marks omitted)).

The entry is:

Judgment affirmed.

---

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Skowhegan District Court docket numbers PC-2017-20, -49, -50, and -52
FOR CLERK REFERENCE ONLY