MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 65
Docket:       Som-19-477
Submitted
  On Briefs:  May 4, 2020
Decided:      May 12, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## IN RE CHILDREN OF SHEM A.

PER CURIAM

[¶1] Shem A. and the mother of six children each appeal from a judgment of the District Court (Skowhegan, *Benson, J.*) terminating their parental rights to their children. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv) (2020). Both parents argue that there is insufficient evidence to support the court's findings, by clear and convincing evidence, of parental unfitness. The father additionally challenges the sufficiency of the evidence to support the court's determination that termination of his parental rights is in the best interests of the children. We affirm the judgment.

## I. BACKGROUND

[¶2] In July 2018, the Department of Health and Human Services filed a petition for a child protection order and preliminary protection order against both parents as to their six children, who then ranged from two to twelve years old. *See* 22 M.R.S. §§ 4032, 4034(1) (2020). The Department alleged that it had

received reports of—and that individual Department employees had witnessed—severe neglect; a chronic lack of supervision; and unsanitary living conditions, such as rotting food and garbage scattered around the home, that placed the children at risk of serious harm.  The Department further alleged that the children had previously been removed from the parents' custody in Illinois and Missouri for similar reasons.  The court (*Dow, J.*) entered a preliminary protection order the same day, placing the children in the Department's custody.  22 M.R.S. § 4034(2) (2020).  Both parents waived their opportunity for a summary preliminary hearing.  *See* 22 M.R.S. § 4034(4) (2020).

[¶3]  In October 2018, the court (*Benson, J.*) entered an agreed-to jeopardy order, *see* 22 M.R.S. § 4035 (2020), based on the parents' "inability and unwillingness to provide adequate supervision to protect [the children] from threats of serious harm."  The court's jeopardy order noted, among other things, that "[a]ll the children have been found to be chronically unsupervised and [the three younger children] have been found alone in dangerous places on multiple occasions"—including "playing in the middle of the busy main road"—and that "[a]t the time of removal, the family home was extremely dirty

and unsafe." In April 2019, the Department petitioned to terminate both parents' rights. 22 M.R.S. § 4052 (2020).

[¶4] The court held a three-day contested hearing on the termination petition in July and August 2019. By order dated October 28, 2019, the court made the following findings of fact, which are supported by competent evidence in the record, by clear and convincing evidence. *See* 22 M.R.S. § 4055(1)(B)(2) (2020); *In re Children of Benjamin W.*, 2019 ME 147, ¶ 5, 216 A.3d 901.

> [T]he mother either does not understand the impact [of] the horrific living conditions of [the family's] home in multiple states resulting in [the children's] entry into foster care in three different states or refuses to acknowledge and address the problem. The mother's testimony highlights her complete lack of awareness of her children's many needs. . . .
>
> . . . [T]he father lacks any accountability, understanding or willingness to address the identified issues, . . . continues to fail to make necessary behavioral changes to work towards reunification, and . . . is completely oblivious to the many needs of his own children because of his failures.
>
> . . . .
>
> . . . The parents failed to address the many safety concerns inside the home and spent a great deal of this case justifying the condition at the time of removal and . . . building a wholly ineffective 3-foot fence meant to prevent the children from escaping unsupervised. . . .
>
> . . . .

The Department's repeated efforts to engage either parent in reunification and rehabilitation services have been met with resistance and delay on the [part] of the parents. . . . [D]uring the 13 month period that led up to the final day of [the termination] hearing, neither parent made any meaningful attempt to engage in the services offered by the Department. The Court finds the parents' asserted commitment disingenuous . . . .

. . . .

. . . After more than a year in foster care in the State of Maine, [and the parents'] minimal engagement in services with no measurable amount of progress towards alleviating the chronic issues of jeopardy found by this Court, the clock has run out and it is time for the children to have the permanency they deserve.

[¶5] Based on these findings, the court concluded that (1) both parents are unable to protect the children from jeopardy and those circumstances are unlikely to change within a time reasonably calculated to meet the children's needs, (2) both parents have been unable to take responsibility for the children within a time reasonably calculated to meet their needs, (3) both parents have failed to make good faith efforts to rehabilitate and reunify with the children, and (4) termination of parental rights is in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv).

[¶6] The parents each timely appeal. *See* 22 M.R.S. § 4006 (2020); M.R. App. P. 2B(c)(1), 2C(c).

## II.  DISCUSSION

A.     Unfitness Findings

[¶7]   Notwithstanding both parents' attempts to characterize their arguments as issues of due process and equal protection, they actually challenge the sufficiency of the evidence to support the court's findings of parental unfitness pursuant to 22 M.R.S. § 4055(1)(B)(2)(b).[1]  "We review the court's factual findings of parental unfitness . . . for clear error . . . ."  *In re Child of Christine M.*, 2018 ME 133, ¶ 6, 194 A.3d 390.  "When the burden of proof at trial is clear and convincing evidence, our review is to determine whether the fact-finder could reasonably have been persuaded that the required findings were proved to be highly probable."  *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260 (quotation marks omitted).

[¶8]   Contrary to the parents' contentions, the court's thorough factual findings are amply supported by the evidence.  On this record, it was entirely reasonable for the court to credit the mental health evaluator's statements that the mother's "responses to the current child protective case [were] laden with

---

[1]   We reject the parents' suggestions that the court improperly adopted the mental health evaluator's conclusions and thereby violated their due process rights.  The court's written decision evinces a thorough and rigorous application of its independent judgment to the entire body of evidence before it; indeed, the court went so far as to distinguish pointedly between the evaluator's statements and the court's own factual conclusions after hearing the parents' testimony.  *See In re Marpheen C.*, 2002 ME 170, ¶¶ 5-7, 812 A.2d 972.

6

deflection and distortion of facts as to the circumstances of . . . neglect and lack of supervision" and that the father "does not acknowledge [that he or the mother have] failed to protect or supervise their children safely" and "abdicates his parental responsibilities to [the mother or the] older children." It was similarly reasonable for the court to reject the parents' counselor's competing suggestion that, in the court's words, "the biggest problem the parents grappled with was not having [the] children in their care." The court also had before it the guardian ad litem's (GAL) testimony and several reports, which included statements that the parents "still do not seem to recognize that their actions have resulted in extreme hardship for their children," and it heard testimony from the GAL in a previous child protective proceeding in Illinois regarding the parents' chronic inability or unwillingness to make changes to provide the children with a safe environment.

[¶9]  In sum, the court did not err in finding the mother and father unfit. *See In re Child of Christine M.*, 2018 ME 133, ¶ 6, 194 A.3d 390; *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260.

B.    Best Interests of the Children

[¶10]  The father additionally argues that the court erred in determining that termination of his parental rights is in the children's best interests. "We

review the court's factual findings related to [a] child's best interest for clear error, and its ultimate conclusion regarding the child's best interest for an abuse of discretion . . . ." *In re Children of Christopher S.*, 2019 ME 31, ¶ 7, 203 A.3d 808 (quotation marks omitted).

[¶11] Contrary to the father's contentions, the court was presented with evidence regarding the best interest of each individual child, including testimony from the four older children's counselors and the GAL's reports that the children are "comfortable and well supported" in their current placement with a relative. *See* 22 M.R.S. § 4055(2) (2020). The court's best interests findings were also supported by the evidence bearing on the father's parental unfitness, as discussed above. *See In re Children of Benjamin W.*, 2019 ME 147, ¶ 15, 216 A.3d 901. The court therefore did not abuse its discretion in determining that termination of the father's parental rights is in the children's best interests. *See id.* ¶ 14.

The entry is:

Judgment affirmed.

8

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant Father

Ezra A.R. Willey, Esq., Willey Law Offices, Bangor, for appellant Mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Skowhegan District Court docket number PC-2018-51
FOR CLERK REFERENCE ONLY